## HUNTER v. JAYNES.

No. 6256--Opinion Filed May 2, 1916.
(157 Pac. 352.)

**Appeal and Error—Prejudicial Error—Instructions—Applicability to Case.**

Where the issue to be tried is based upon fraudulent representations, and the court charges the jury on the question of a mutual mistake of fact, which is not within the issue, the error under the facts in this case is prejudicial.

(Syllabus by Rittenhouse, C.)

Error from County Court, Garvin County; W. R. Wallace, Judge.

Action by A. R. Jaynes against J. M. Hunter. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

C. L. McArthur and Thompson & Patterson, for plaintiff in error.

Yerker E. Taylor and John S. Garrison, for defendant in error.

Opinion by RITTENHOUSE, C. This action was brought before a justice of the peace to recover $130.27, balance claimed to be due on the sale of certain real property. An answer was filed, wherein it was admitted that J. M. Hunter purchased the property and received a warranty deed dated March 8, 1910, the consideration recited therein being $3,150, defendant assuming a mortgage of $1,600 to the Alliance Trust Company, Limited, and a mortgage for $1,500 to William S. Hicks, and that the deed recited the true consideration; that defendant had paid to plaintiff $1,434.27 in cash, and conveyed to him an interest in a brick building in Lindsay, Okla., of the market value of $1,500; that defendant is entitled to a further credit of $23.40 taxes, $37 as interest accrued on said note and mortgages at the time of the transfer. $50 due on rental contract, and $315, the same being a mortgage on said real property not assumed under the covenants of the deed, all of which were paid by the defendant. Defendant then asked that he have judgment for the sum of $233.40; the same being the difference between the amount asked by plaintiff and the counterclaim of defendant. After the case was appealed to the county court a reply was filed, wherein it was denied that the items of taxes and interest were due. It was admitted that there was a mortgage on the property of $315 to W. S. Hicks, and that the covenants of the warranty deed were broken to that extent, but that, owing to the fact that plaintiff could not read and write, he relied upon the false and fraudulent misrepresentations of the attorney of J. M. Hunter. wherein it was represented that it was not necessary to insert the assumption of the mortgage in said deed; and a prayer is had for a reformation of the deed, and judgment as prayed for in the bill of particulars.

There was no attempt to reform the deed in the trial court, but the case was tried on the theory of fraud in the preparation of the deed by the attorney. It will be observed that the answer admits the indebtedness of $130.27, but prays that after deducting that amount the defendant have judgment in the sum of $233.40. The reply filed by the plaintiff admitted that the terms of the deed of

March 8, 1910, contained covenants of general warranty, except the mortgage of $1,600 to the Alliance Trust Company, Limited, and a mortgage of $1,500 to William S. Hicks, both of said mortgages being assumed by defendant, and it further is admitted that there was a mortgage upon said lands to secure the payment of the note of $315 to William S. Hicks, which was not assumed by the covenants contained in the deed, and admitted that said covenants were broken to that extent.

It required no proof to sustain the plaintiff's claim of $130.27; the same having been admitted by the answer. The only issue before the court was predicated upon the counterclaim and the reply, and that issue was whether or not fraud entered into the transaction. If there was no fraud, then the defendant was entitled to judgment. There are numerous assignments of error, several of which we think are well taken. It is only necessary, however, for us to determine the one arising upon the instruction pertaining to a mutual mistake. That instruction is as follows:

"You are instructed that, if you find that the plaintiff gave the defendant a warranty deed to the lands referred to in the pleadings herein, it was his duty to defend the title to same, and, if you find that there was a mortgage upon said lands at the time of the execution of said deed, then there was a breach of warranty, and the plaintiff became liable to the defendant for the amount thereof; but in this connection you are also instructed that, if you find that it was the agreement between the parties hereto that the defendant was to assume said mortgage, and you believe that it was a mutual mistake between the parties hereto in failing to incorporate same in said deed, then in that event you should find for the plaintiff, unless you further find for the defendant as hereinbefore instructed as to the issue of agreement of settlement at time of delivery of deed."

This instruction had the effect of misleading the jury as to the real issue. There was no allegation of a mutual mistake in the preparation of this deed, nor was there any evidence to support any contention as to a mutual mistake. The question presented was one of fraud, not a mutual mistake, and on this latter question the court instructed the jury that, if they found from the evidence that it was the agreement between the parties that the defendant was to assume the mortgage of $1,500, and if they believed it was a mutual mistake between the parties to said deed in failing to incorporate the assumption of said mortgage in said deed, then in that event they should find for the plaintiff. This was prejudicial to the defendant, and allowed a recovery on an issue not presented by the pleadings or the evidence.

The judgment should therefore be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.