### POTTS, Exe'x, v. ZOLINGER.

No. 9742—Opinion Filed Oct. 12, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Harmless Error—Charge on Damages.**

In a suit in damages for personal injuries, where the amount was not excessive, error in instructions on the measure of damages is harmless.

2. **Same—Action for Personal Injuries.**

An examination of the entire record discloses the damages awarded were not excessive, and if there was any error in the instructions, the same was harmless.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by Chas. Zolinger against Mrs. Hala Potts, executrix of the last will and testament of J. M. Potts, deceased, for damages for personal injuries inflicted upon plaintiff by decedent. Judgment for plaintiff, and defendant brings error. Affirmed.

Wilson & Roe, for plaintiff in error.

Mounts & Davis, for defendant in error.

McNEILL, J. This action was commenced in the district court of Tillman county, by Chas. Zolinger against Hala Potts, as executrix of the estate of J. M. Potts, deceased, to recover damages for personal injuries received from an assault on his person by J. M. Potts. The injuries complained of were caused by J. M. Potts shooting the plaintiff with a revolver, inflicting three separate wounds; two being minor flesh wounds, and in the third wound the bullet entered the body below the right collar bone, ranging downward through the chest and lodging under the right shoulder blade. After committing said assault, J. M. Potts died, and Mrs. Hala Potts was appointed the executrix of his estate. A claim for damages, on account of said injuries, was filed with the executrix and was disallowed, and this action was commenced.

The defendant answered, pleading that if the said J. M. Potts had injured plaintiff, said J. M. Potts only used whatever force was necessary to repel an attack made on J. M. Potts by the plaintiff.

Upon trial of the case to the jury, a verdict was returned in favor of the plaintiff for the sum of twelve hundred ($1,200.00) dollars, and judgment was rendered for said amount. From said judgment, the defendant has appealed, and for reversal assigns as error the giving of instruction number 6. This is the only assignment of error argued in the brief, and the portion of the instruction complained of is as follows:

"Should your verdict be in favor of the plaintiff, in determining the amount of damage he is entitled to recover, if any, you find you should take into consideration all the facts and circumstances before you, the nature of plaintiff's physical injuries, his suffering therefrom, whether or not his injuries are temporary or permanent."

The plaintiff in error contends that the instruction is erroneous for the reason it permitted the jury to take into consideration the fact of the injury being permanent, and argues the evidence was not sufficient to warrant the giving of such instruction. It is contended that before the jury can consider an injury being permanent, the evidence must be measured by the following principle of law, to wit:

"In an action for personal injuries it is error to give an instruction allowing the jury to assess damages for permanent injuries, or lasting impairment of health, unless there is evidence showing, with reasonable certainty, that such permanent injuries or lasting impairment of health have been in fact sustained by the plaintiff." (8 R. C. L. 662.)

If we concede the above to be a correct statement of the law, and, further, that the evidence was not sufficient under said rule to justify the instruction, there is, however, another well-established rule in this jurisdiction that must be considered: In order for the court to reverse a case on account of erroneous instructions regarding the measure of damages, it must appear the plaintiff in error has been prejudiced by the giving of said instructions.

An examination of the record discloses about the following facts: The case was tried some eighteen (18) months after the injury was received by the plaintiff. The plaintiff at the time of the trial, testified that he was confined to his bed for some seven or nine days after the injuries, and for more than three months thereafter was compelled to carry his arm in a sling; that at times his arm still pained him; that he was a plumber by trade; that if he attempted to do any heavy manual work he suffered pain, and if he would hold his arm in a certain position the muscles would stiffen in his shoulder, and he would suffer pain which would extend through his neck and into his head and give him headache. The evidence further disclosed that the bullet had never been removed, although the doctor stated that it would only be a minor operation to remove the same, and probably the bad effects from the wound would disappear. The plaintiff's reason for not having the bullet removed was his fear of undergoing an operation.

There is no assignment that the judgment for twelve hundred ($1,200.00) dollars is excessive for the injury received and pain suffered. Admitting, then, for the sake of argument that the evidence was not sufficient to justify an instruction to permit the jury to consider the question of the injuries being permanent, is the plaintiff in error entitled to have the judgment reversed? This court, in the case of the Planters' Cotton & Ginning Co. v. Penny, 53 Okla. 136, 155 Pac. 516, said:

"In a suit in damages for personal injuries, where the amount was not excessive, error in instructions on the measure of damages is harmless."

This same rule has been announced in the following cases: Wichita Falls & N. W. R. Co. v. Gant, 56 Okla. 727, 156 Pac. 672; Hunter v. Jaynes, 59 Okla. 10, 157 Pac. 352; Dodson & Williams v. Parsons, 62 Okla. 298, 162 Pac. 1090; Lusk et al. v. Kennedy et al., 73 Oklahoma, 176 Pac. 502; Midland Valley R. Co. v. Kersey, 59 Okla. 9, 157 Pac. 139.

And in Dodson & Williams v. Parsons, 62 Okla. 298, 162 Pac. 1090, this court announced the following rule:

"Where there is competent evidence tending to show damages alleged, and the verdict is not excessive, and when the complaining party does not request the trial court to give an instruction correctly stating the measure of damages, a cause will not be reversed because the court's charge does not accurately define the measure of damages."

While the plaintiff in error excepted to the instruction, she did not request the court to give a correct instruction stating the measure of damages.

It does not appear from an examination of the record that the jury were mislead by the instruction, nor that the instruction given has caused a miscarriage of justice, nor has plaintiff in error been prejudiced thereby. The jury returned its verdict in favor of plaintiff, and no complaint is made that the evidence is not sufficient to support the finding that the plaintiff is entitled to recover from the defendant. Then, the only question to be determined is the amount of damage. Could it be said that the sum of twelve hundred ($1,200.00) dollars was an excessive verdict for personal injuries caused from a bullet inflicting a wound about one-half inch deep and four inches long, on the side of the neck, and a flesh wound in the leg, and a wound received from a bullet entering under the collar bone, going practically through the body and lodging under the shoulder blade, which caused the party to be confined to his bed from seven to nine days, and thereafter compelled him to carry his arm in a sling about three months, and caused the party to suffer pain during said time? There is evidence that he was unable to do hard work necessary to be done in conducting his business. Eighteen months after the injury he testified he still suffered pain when working. The verdict does not appear to be excessive. We therefore conclude that if there was any error in the instructions, the same was harmless.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

RAINEY, C. J., and KANE, PITCHFORD, JOHNSON, HIGGINS, and BAILEY, JJ., concur.