## CHITWOOD v. PALMER.

No. 12522—Opinion Filed April 22, 1924.

(Syllabus.)

1. **Assault and Battery — Action for Damages—Elements of Recovery.**

The plaintiff sued the defendant for an

assault, resulting in personal injuries, which necessitated the defendant's confinement in a hospital, treatment by a physician, and the incurring of medicinal expenses. An instruction to the effect that if the jury found in favor of the plaintiff, the jury could take into consideration the expenses the plaintiff was necessarily compelled to pay in treating the wound, such as hospital bills, medicinal expenses, doctors, etc., the time lost from his usual vocation, that was directly caused by the injury, the value of his services for the time so lost, if any, the physical pain and mental anguish suffered by reason of the pain, if any, and award plaintiff such damages as will be a fair, just, and reasonable compensation for the injuries so sustained, if any, is not erroneous; held, further, that the judgment based upon the verdict for $205, which was the amount of the hospital bill, doctor bill, medicine bill, as shown by the undisputed evidence, and the plaintiff's evidence as to reasonable compensation for the time lost, will not be reversed.

**2. Trial — Instructions — Sufficiency Construed as a Whole.**

Where the instructions of the court, taken as a whole, correctly state the law as applicable to the plaintiff's cause of action and the defendant's defense thereto, no error can be successfully predicated upon the failure of the court to include in a particular instruction complained of all the law applicable to the issues drawn in question by the pleadings, for that all the instructions must be taken together.

Error from District Court, Grady County; Will Linn, Judge.

Action by W. R. Palmer against W. B. Chitwood. Judgment for plaintiff, and defendant brings error. Affirmed.

Bailey & Hammerly, for plaintiff in error.

Welborne & Cavaness, for defendant in error.

BRANSON, J. The defendant in error in this appeal, W. R. Palmer, recovered a judgment in the district court of Grady county, Okla., against the plaintiff in error, W. B. Chitwood, for the sum of $205. The parties are referred to herein as plaintiff and defendant, as they appeared in the district court.

The cause of action pleaded by the plaintiff was for damages for an assault by the defendant upon the plaintiff. The wound produced thereby on the nose and face of the plaintiff became infected, the plaintiff was confined to a hospital for the period of time pleaded—fifteen days—incurred a hospital and medical bill, and the loss of time, totaling, as pleaded by the plaintiff, the sum of $205. In addition to this damage, plaintiff further pleaded and prayed judgment for

$1,000 as compensation for physical pain and suffering, and for disfigurement of his face, and prayed for $1,000 punitive or exemplary damages.

The defendant filed answer, and among other things alleged certain acts which, the defendant charged, so angered him that he became temporarily mentally irresponsible, and while in this condition, he did commit the alleged assault upon the plaintiff. Upon a reply being filed by the plaintiff, denying the allegations of the defendant, the cause was tried to the court and jury, resulting in the verdict, on which judgment was entered in the sum above set out.

The defendant makes several assignments of error none of which are argued in his brief, except assignments Nos. 2 and 3, which refer to the refusal of the court to give a certain requested instruction, and the act of the court in giving a certain instruction. We think both are disposed of, if assignment No. 5 is adverse to defendant's contention. Assignment No. 2 being:

"The trial court erred in refusing to give defendant requested instruction No. 1."

And No. 5:

"Error of the trial court in charging the jury as per instruction No. 3 over the objection of the defendant."

Assignments Nos. 4 and 6 of the defendant go to the question of exemplary damages, but as the jury returned no verdict for exemplary damages, it is therefore unnecessary to discuss the assignments as to the same.

The argument in the brief of the defendant under assignment No. 5 is that instruction No. 3, as given by the trial court, which is in words and figures as follows:

"The court further instructs the jury that if you find and believe from the evidence that on or about the —— day of November, 1919, the defendant, W. B. Chitwood, committed an assault and battery upon the plaintiff by striking him in the face with a sharp instrument, or any instrument or with his fist, and thereby beat, bruised or cut the face of the plaintiff, then the law would be for the plaintiff and you should so find; and should you find for the plaintiff, in determining the damages he has sustained by reason thereof, you may take into consideration the expense he was necessarily compelled to pay in treating the wound, such as hospital bills, medicine, doctors, and so forth, the time lost from his usual vocation that was the direct cause of the injury, the value of his services for the time so lost, if any, the physical pain and mental anguish suffered by the plaintiff by reason of said wound, if any, and award to the plaintiff such damages as will be a fair, just and

reasonable compensation for the injuries so sustained, if any, not to exceed, however, the sum of $1,205"

—is and was an erroneous instruction, in that it is argumentative, and an invasion of the province of the jury, and failed to submit to the jury the defense of provocation in mitigation of damages.

The defendant's argument in support of this assignment of error only goes to the extent of contending that the instruction virtually told the jury that the plaintiff would be entitled to recovery, and that the jury should take into consideration the expense the plaintiff was compelled to pay in treating the wound, irrespective of whether such expense was reasonable or unreasonable, and the hospital bill, medical and doctor bills, whether reasonable or unreasonable, and whether paid or not by the plaintiff. The contention of the defendant being, as he quotes from 5 C. J., page 704:

"To recover expenses for medicinal treatment, plaintiff must prove that he has paid or become liable to pay a specified sum, and that the charges are usual and customary."

And, further, that the instruction of the court did not properly submit to the jury the question of mitigation of damage set out in defendant's answer.

An examination of the evidence discloses that the fact of the assault was not disputed. There was little if any dispute about the circumstances alleged by defendant to have provoked the assault, and which the defendant set up in mitigation of the damages claimed. This being the status of the record before the court and the jury, the instruction to the effect that if the jury so found as to the alleged assault by the defendant, the verdict should be for the plaintiff, and the jury could take into consideration the expense he was necessarily compelled to pay in treating the wound, etc., certainly conveyed to the mind of the jury the idea contended for by the defendant himself in his brief, that the expenses must have been reasonable and necessary. The record discloses that there was no dispute that the bills incurred, as pleaded by the plaintiff, had been paid by him. The objection that this instruction did not advise the jury that the circumstances of the assault, as contended by the defendant, might be taken into consideration, in mitigation of damages, if any, was covered by a subsequent instruction given by the court, to wit, by instruction No. 5, which is:

"The court instructs the jury that on arriving at the damages the plaintiff is entitled to, if any, you may also take into consideration the acts and conduct of the plaintiff, as well as the defendant, and while the acts of the plaintiff in causing the turkeys to be held would not be justification for the assault, but you may consider the same in mitigation of damages sustained by the plaintiff, if any."

Where the instructions of the court, taken together and as a whole, correctly state the law, no error can be successfully predicated upon an allegation that the court failed to include in any one particular instruction all the law applicable in the case. No claim is made by the defendant that the verdict returned against him in favor of the plaintiff was excessive, or that the jury was misled by any instruction. The rule is well settled in this jurisdiction that a cause will not be reversed because of erroneous instructions of the court, unless it is clearly made to appear that the jury was misled by the alleged erroneous instructions, and that the defendant was prejudiced, thereby resulting in a miscarriage of justice. Midland Valley Ry. Co. v. Kersey, 57 Okla. 303, 157 Pac. 139; Planters Cotton & Ginning Co. v. Penny, 53 Okla. 136, 155 Pac. 516; Potts v. Zollinger, 79 Okla. 262, 192 Pac. 1099.

Briefly referring to the record, the assault out of which this suit arose resulted from a request made by the plaintiff that the office of the sheriff of Grady county detain certain turkeys, the plaintiff having lost quite a number of turkeys. When detained, the plaintiff was taken by the undersheriff in an automobile to view the turkeys in question, and while sitting in the automobile with the undersheriff, and making no effort to harm or assault the defendant, the defendant jumped onto the automobile and committed the assault upon the plaintiff, which bruised his cheek, broke his nose, and cut one side of the plaintiff's nose open. The wound became infected, resulting in high fever, and necessary treatment by a physician at a hospital. The verdict of the jury allowed the plaintiff nothing as damages for his pain and suffering, or for the disfigurement of his person, but only for his alleged loss of time and expenses actually and necessarily paid.

Under these conditions, we think that if the jury was misled at all, it was to the extent of being exceedingly lenient with the defendant in the amount of assessment of plaintiff's recovery, and under the rules above set out there is no reversible error in the record.

For the reasons given, the judgment of the trial court is in all respects affirmed.

McNEILL, COCHRAN, HARRISON, MASON, and WARREN, JJ., concur.