## ST. LOUIS-SAN FRANCISCO RY. CO. v. LOFTUS.

No. 13904—Opinion Filed Jan. 9, 1925.

Rehearing Denied March 24, 1925.

**1. Carriers—Separate Compartments for Negro Passengers — Conveniences—Step-Box at Entrance.**

Under section 4952, Comp. Stat. 1921, common carriers of passengers for hire are required to provide separate entrances to the coaches or compartments set aside and designated for white and negro passengers, respectively, including the "step box" or "extra step" where necessary at each entrance.

**2. Evidence—Expert Testimony—Miscarriage.**

The fact of miscarriage, after pregnancy of four months, is not a fact of such difficulty or scientific character as to require proof only by expert testimony.

**3. Appeal and Error—Time for Objection—Improper Items of Recovery in Personal Injury Action.**

Where the plaintiff is a married woman, living with her husband, she cannot recover damages for expenses for a physician and medicine in an action for personal injuries, where the items claimed are not paid and where it does not appear she is liable for payment out of her own earnings, but where such items are drawn into issue and the court instructs the jury that they may consider such items as elements of damages, and the jury finds for the plaintiff in a lump sum for less than the amount sued for, and there is no complaint that the verdict is excessive, and the defendant does not suggest a correction of the instruction at the time it is given, the cause will not be reversed because the court's charge does not accurately define the measure of damages in this respect.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pawnee County; Redmond S. Cole, Judge.

Action by Bessie Loftus against St. Louis-San Francisco Railway Company for damages on account of personal injuries. Judgment for plaintiff, and defendant brings error. Affirmed.

W. F. Evans, Stuart, Sharp & Cruce, and Ben Franklin, for plaintiff in error.

T. S. Hurst, for defendant in error.

Opinion by THREADGILL, C. The appeal is from the judgment of the district court of Pawnee county. The action was for damages resulting in a miscarriage in defendant's failing to furnish her with a step box in entering and leaving its train. The facts were substantially as follows:

The plaintiff in error, hereinafter called defendant, was a railroad corporation, under the law of Missouri, and operating through Pawnee county. Defendant in error, hereinafter called plaintiff, was a negro woman about 24 years of age, married and mother of three children of the ages of 9, 6, and 3 years. On or about April 13, 1921, plaintiff with her three children was returning to her home in Pawnee, and in the town of Hallett sought passage on defendant's passenger train to Pawnee. She bought tickets from the defendant's agent and offered to board the train for the city of Pawnee. The compartment provided for negro passengers was separated by a partition from the smoker for white passengers, both being in the same coach; the front end of the coach being used for negroes and the rear end being for white passengers. The plaintiff claims that she started to board this coach at the rear steps, where there was a step box or extra step, for the purpose of passengers in stepping from the ground, the distance of about two feet to the first step of the car, and the conductor commanded her to come to the front entrance to board the train, where they had no extra step; that she demanded a step box and the conductor refused to furnish one, and she had to board the train without such assistance. The defendant claims that the plaintiff came to front entrance and demanded an extra step, and the conductor directed her to go to the rear end of the coach, where there was a step box, and she refused and abruptly walked out where she could see the engine, and said she would take the number and the next time they would have the step box, and then she boarded the car with three children with his assistance.

Plaintiff claims that she was forced to about 26 inches from the platform at said get off the train in Pawnee without the assistance of the extra step, and the distance being about two feet from the lowest step of the car to the platform, her foot turned, her body twisted and jerked, and she was injured, and the defendant claims that the conductor instructed the porter to direct her to go through the smoker compartment and get off at the rear end of the coach, where they had the extra step, which the porter did, and she refused to be advised, and proceeded to get off at the front end where she got on, and without the assistance of the step. She claims she was shaken up and the injuries resulted. That she was confined to her bed for sometime, and was under medical treatment, and was entitled to damages.

The issues were tried to a jury and resulted in a verdict and judgment in favor of the plaintiff, and the defendant appealed by petition in error and case-made, stating seven assignments of error and urging them under three propositions as follows:

"1. There was no competent and sufficient evidence tending to show that plaintiff was pregnant at the time of her alleged injuries."

"2. The court erred in submitting to the jury by his instructions the question of expenses incurred by plaintiff as doctor bills and drug bills."

"3. The court erred in failing and refusing to instruct the jury, in effect, that if defendant invited plaintiff to enter said coach at an entrance where a step box was furnished and use said step box, and plaintiff refused to avail herself of this privilege, but entered said train at an entrance where she knew there was no step box, and if defendant invited plaintiff to leave said train at an exit where there was a step box and plaintiff refused to avail herself of said privilege, but willfully and purposely left the train at an exit where she knew there was no step box, then and in that event the evidence would fail to show that defendant was negligent, and plaintiff could not recover."

1. We will consider these propositions by taking up the last one first.

The charge of negligence was stated as follows:

"That it was then and there the duty of the defendant to provide this plaintiff and all other passengers for hire with safe and convenient means and appliances for entering the cars and alighting therefrom and for a safe place to alight; that the first lower step to the entrance of the coach, provided for negro passengers on said train, was

town of Hallett, from which plaintiff entered said coach, and about 26 inches above the platform at said city of Pawnee to which plaintiff alighted from said coach, that it was then and there the duty of the defendant to provide this plaintiff and all other passengers in said train with a foot stool or extra step to use in entering and alighting from said train; that plaintiff requested the defendant's servant and employes, who assisted the negro passenge s n and off said train to furnish her with a foot stool or extra step when she entered said train at Hallett and when she alighted from said train at Pawnee, but said defendant's servants and employes refused and neglected to furnish her with such foot stool or extra step, all in total disregard of the duty of said defendant towards this plaintiff, and in total disregard of the request of plaintiff; that in entering and alighting from said train plaintiff was compelled to step said distance of about 26 inches from the lower step to the platform, which was an excessive distance, without the use of a foot stool or extra step, and in so doing, she was injured."

This was the issue tendered, to which defendant answered with a general denial. It was undisputed that the coach the plaintiff took passage on was divided by a partition into two compartments, the front part for negro passengers and the rear end for a smoker for white passengers, in compliance with sections 4952, 4955. Comp. Stat. 1921.

It is undisputed by the evidence that there was a step box or extra step at the entrance of the coach in the rear end provided for white passengers. but no such step at the front end of the coach into the compartment provided for negro passengers. It was also undisputed that the distance from the ground to the first step of the car was about 26 inches. The conductor, in charge of the train, was standing at the front entrance. and plaintiff testified that she requested of him a step box to assist her in getting on the train, and he informed her they had none for this entrance; that she started to the rear end to get on where the extra step was provided, but he called her back and directed her to board the train at the entrance where they had no step. The conductor, in his testimony, did not deny they had no step at the front entrance, but denied that he directed her to board the train there. and stated that he directed her to go to the rear end and get on where the step was provided. and she refused.

This brings us to the question as to whether or not the defendant was guilty of negligence for not providing the extra step for negro passengers at the entrance of the coach set apart for them, under the same circumstances such steps are provided for white passengers. Section 4952, Comp. Stat. 1921, reads as follows:

"Every railway company, urban or suburban car company, street car or interurban car, railway company, lessee, manager or receiver thereof, doing business in this state, as a common carrier of passengers for hire shall provide separate coaches or compartments, as hereinafter provided, for the accommodation of the white and negro races, which separate coaches or cars shall be equal in all points of comfort and convenience."

This court is of the opinion that under this act it was the intention of the Legislature that the white and negro races should travel separately in all the vehicles of transit or transportation of public carriers, and this applies to the entrance of the compartments in which they travel as well as to the compartments themselves, and this is clearly indicated by the section above quoted, which provides that the separate coaches or cars shall be equal in all points of comfort and convenience. The manner of entering the coach or compartment is a convenience within the meaning of the language used.

When the defendant failed to furnish the step for the convenience of the negro passengers at the entrance of the compartment provided for them, as it had provided a step for white passengers, it failed to perform one of the duties imposed by the section above quoted, and became liable for damages to any person injured by such failure. Henderson v. Galveston, H. & S. A. Ry. Co. (Tex. Civ. App.) 38 S. W. 1136.

Defendant contended that the conductor directed the plaintiff to enter and leave the coach by the steps at the rear end of the same provided for white passengers, and where the extra step was placed, and the plaintiff refused to get on or off at that end, and the company, therefore. cannot be held for primary negligence; and, upon this theory, defendant requested the court to instruct the jury that as defendant invited plaintiff to enter the coach where a step box was furnished and use said step box, and plaintiff refused to avail herself of this privilege, but entered at an entrance where she knew there was no step box, and invited her to leave the train at an exit where there was a step box, and plaintiff refused to avail herself of said privilege. but left the train at an exit where she knew there was no step box, then in that event the evidence would fail to show that the defendant was negligent, and plaintiff could not recover under the separate coach law of this state, and under the undisputed facts of defend-

ant's failure to provide an extra step at the entrance of the compartment for negro passengers of equal convenience as at the entrance for white passengers. Defendant's contention is untenable, as the only issue involved as to the directions of the conductor for the plaintiff to enter and leave the train by way of the steps for white passengers and her refusal to do so presents only an issue of contributory negligence, and was a question for the jury to determine, under article 23, section 6, of the Oklahoma Constitution, and without the court instructing the jury as to what facts would constitute negligence on the part of the plaintiff. St. Louis & S. F. R. R. Co. v. Jones, 78 Okla. 204, 190 Pac. 835; Wichita Falls & N. W. Ry. Co. v. Woodman, 64 Okla. 326, 168 Pac. 209; Sweet v. Henderson, 72 Okla. 51, 178 Pac. 666; Mascho v. Hines, Director General of Railroads, 91 Okla. 295, 217 Pac. 856.

We must, therefore, hold that the court did not commit error in refusing to give the instruction requested by the defendant on the issue of the plaintiff's failure to enter and leave the train by the steps appointed for white passengers.

2.    Defendant contends that the evidence was not sufficient to prove injuries of miscarriage, on the ground that there was no positive proof, except the testimony of plaintiff herself, and her testimony, not being of expert and scientific value, was not sufficient, citing the following cases: Willett v. Johnson, 13 Okla. 563, 76 Pac. 174; Atchison. T. & S. F. Ry. Co. v. Melson, 40 Okla. 1, 134 Pac. 388; 13 Cyc. 216; St. Louis & S. F. Ry. Co. v. Criner, 41 Okla. 256, 137 Pac. 705; Ft. Smith & W. R. Co. v. Jones, 63 Okla. 228. 163 Pac. 1110; Oklahoma Hospital v. Brown, 87 Okla. 46, 208 Pac. 785.

We have examined these cases and we do not think the facts fit the cause under consideration. In this case plaintiff testified that her foot turned and she was so shaken up, in getting down from the steps of the car to the platform, that she suffered pain, went to her house, a short distance, and took to her bed, and continued in bed until the miscarriage, which was a short time thereafter. We do not think it would require expert testimony to prove the facts thus related by plaintiff, and the jury had a right to infer from all the facts and circumstances,    admitted as testimony in the case, that the miscarriage resulted from the shake up in getting off the train.

3.    As to the items of expenses for physi-

cian, medicine, etc., we think, under the general rule, the defendant is correct in its contention that they are not proper items of damages in a case of this kind. where they are not paid by plaintiff at the time the action is brought, and where she is a married woman and lives with her husband. In such case the duty would devolve upon the husband to pay these expenses, unless, under certain conditions, she was to pay the same out of her separate earnings. But it does not appear from the verdict in this case that there was anything assessed for these items of expenses, and the amount of the verdict is not excessive, and the defendant does not complain that the verdict was excessive, but complains only of the instruction of the court to the effect that the jury might take into consideration these items.    This being the ca e. this court has often held that a reversal cannot be urged on this ground.

Ft. Smith & W. R. Co. v. Moore, 66 Okla. 322, 169 Pac. 904, paragraph 4 of the syllabus states the following rule:

"It is the duty of defendant in a damage suit to present to the court by way of requested instruction or in some manner to call the court's attention to the defendant's theory as to what matters the jury may consider in assessing damages.    In case of failure on the part of the defendant so to do, and a verdict is rendered for damages which from the evidence is not excessive, and the defendant has made no assignment of error that the verdict is excessive, a cause will not be reversed because the court's instruction may not accurately define the measure of damages."

When the court gave the instruction complained of, it does not appear, from the record, that defendant made any suggestion to the court to correct the same, and did not request a correct instruction as to the measure of damages, but simply sat by and announced an exception, and this court has held in numerous decisions that this is not sufficient objection on the part of the complaining party to urge a reversal on appeal. Dodson & Williams v. Parsons, 62 Okla. 298, 162 Pac. 1090; Potts v. Zolinger, 79 Okla. 262, 192 Pac. 1099.

The judgment of the court should be affirmed.

By the Court: It is so ordered.

Note:—See under (1) 10 C. J. p. 804; (2) 17 C. J. p. 1060, 22 C. J. p. 618; (3) 3 C. J. p. 843, 30 C. J. p. 967.