**WHITSETT et al. v. PARNELL.**

No. 19329. Opinion Filed May 6, 1930.

Rehearing Denied July 8, 1930.

Commissioners' Opinion, Division No. 2.

MacDonald & MacDonald, for plaintiffs in error.

Hatchett & Ferguson, for defendant in error.

EAGLETON, C. This was an action brought by M. L. Parnell against J. J. Whitsett, V. R. Ferguson, and T. E. Burns on the following contract:

"State of Oklahoma, County of Bryan, ss.

"This contract entered into this the 19th day of Sept., 1925, by and between J. J. Whitsett, party of the first part,. and M. L. Parnell, party of the second part.

"Mr. Parnell, party of the second part, agrees to escrow check for $500 in good faith to secure the right as first buy on a certain piece of land east of the city of Durant, Okla., containing 80 acres more or less as per agreement with V. R. Ferguson. This tract of land is not to cost more than $8,-000, and there is to be an additional loan secured, if the party of the second part demands, of $3,000.

"The above trade has been gone into by Mr. V. R. Ferguson and party of the second part, and their agreement will complete this agreement and contract.

"T. E. Burns, Party of the First Part.

"M. L. Parnell, Party of the Second Part"

—wherein he prayed for a decree of specific performance of said contract conveying certain real estate to him and in the alternative for the return of his cash deposit of $500 and $500 damages. He alleged that T. E. Burns and V. R. Ferguson were real estate brokers, and were the acting agents of J. J. Whitsett, who is the owner of the land which it was purposed to buy. The plaintiff alleged that there was a $3,000 mortgage on the property which he was purchasing, and that it was the agreement and understanding of the parties that an additional $3,000 loan should be placed on said premises in consummating the deal, and that defendants had failed to fulfill their obligations thereunder. The defendants in defense asserted that the plaintiff was to obtain a loan in the sum of $2,000 on other premises which he owned to supplement the additional loan of $1,000 which he was to get on these premises, and to pay $2,000 cash in consummating the transaction, and that plaintiff had failed to fulfill his obligations thereunder, that defendant Whitsett was entitled to retain $100 as damages and Ferguson and Burns $400 as earned commission on the transaction. The cause was submitted to a jury which returned a general verdict in favor of the plaintiff. The court refused to submit the question of damages to the jury, but instructed the jury inter alia as follows:

"You are therefore instructed, if you find from a fair preponderance of the evidence in this case, that the plaintiff contracted with the defendants, to buy the property described in plaintiff's petition, which consists of 80 acres of land, for a consideration of $8,000, and that the payment of the same was to be made, cash $2,000 and to increase the loan on the 80 acres of land from $3,000 to $6,000, and that he had stood ready, willing, and able to comply with the terms of said contract at all times since the making of said contract, then you are instructed that the plaintiff would be entitled to recover on the contract directing specific performance, or, in the alternative, judgment for the sum of $500 with interest."

On receipt of the verdict, the court entered judgment for the plaintiff and against the defendants, to wit:

"It is therefore by the court ordered, considered, and adjudged that the plaintiff have and recover of and from the defendants J. J. Whitsett, V. R. Ferguson, and T. E. Burns, the sum of $500, with interest thereon from November 20, 1925, at the rate of six per cent. per annum until paid, and the cost of this suit, provided, however, if within 30 days from the date hereof, the said defendants, upon payment by the plaintiff of $1,500, shall deliver to plaintiff a good and sufficient deed of conveyance, conveying the lands herein described to plaintiff, free of incumbrances, except a first mortgage thereon of $6,000, then the said judgment herein shall be void and of no effect, but upon a failure to deliver said deed, as herein stated, within the time stated, the judgment in favor of plaintiff and against the defendants, for the sum of $500, with interest from November 20, 1925, and cost, shall be in full force and effect, and it is further ordered that execution immediately issue therefor."

The defendants did not comply with the decree and tender conveyance of the property, but appealed to this court, and rely upon three assignments of error: First, that the verdict and decision is not sustained by the evidence, or by sufficient evidence, and is contrary to law. Second, that the verdict is contrary and in disregard of the court's instruction. Third, errors in law occurring at the trial and duly and legally excepted to by the plaintiffs in error.

For convenience we will refer to the parties as they appeared in the trial court.

An examination of the record will disclose that the parties in their evidence were as far apart in their statements as to what

the agreement intended as the written agreement is incomplete and ambiguous in itself. The purported contract, with all its intendments, together with all the evidence introduced viewed with liberality, was wholly insufficient to sustain a decree for specific performance. The parties may have had what they thought was an oral understanding as to what the proposed sale was to be, but it was The purported contract, with all its intendjury by its general verdict returned, he.d that no showing of substantial compliance with the understanding was made by the defendants, and the court entered its decree thereon. We could not sustain a decree of specific performance, but a decree for the return of the good faith money deposited was proper under the circumstances and was well sustained by the evidence.

The verdict returned was in compliance with the court's instructions. No exception was taken to any instruction given, and the instructions construed together presented the case to the jury fairly and fully for determination.

The last assignment of error is predicated on the refusal to allow the defendants to introduce in evidence a letter received from certain attorneys who purported to write to Mr. Ferguson for and on behalf of Mr. Parnell, the plaintiff. This letter was excluded, and properly so, for there was no affirmative evidence that these lawyers were, in fact, attorneys for Mr. Parnell, and the statement in the letter that they were writing at the request of Mr. Parnell is insufficient to establish the relation of attorney and client, or principal and agent. Chickasha Cotton Oil Co. v. Lamb & Tyner, 28 Okla. 275, 114 Pac. 333; Walker v. W. T. Rawleigh Co., 133 Okla. 75, 271 Pac. 166.

The defendants further complain that the response to that letter which was written by attorneys for the defendants was excluded. Inasmuch as this answering letter could have been nothing more than a self-serving declaration, its exclusion was proper. 10 R. C. L. 1150 (Evidence 352). The money judgment is therefore affirmed.

BENNETT, TEEHEE, DIFFENDAFFER, and HALL, Commissioners concur.

By the Court: It is so ordered.