## ILLINOIS BANKERS LIFE ASS'N v. HARDY.

No. 25439.  Oct. 1, 1935.

Rehearing Denied Oct. 22, 1935.

Everest, McKenzie & Gibbens, for plaintiff in error.

H. W. Sitton, for defendant in error.

WELCH, J. The point in controversy was whether the life insurance policy sued upon was in force at date of death; that depended upon whether the policy had been reinstated after lapse.

Both parties agreed that the policy had been regularly issued and after being in full force for a time had become lapsed by failure of the insured to pay the annual premium on the due date or within the 30 days' grace period allowed by the policy.

Thereafter, the company defendant wrote the insured urging reinstatement of the pol-

icy. The insured also desired reinstatement, but was unable to make present payment of the sum required, and so advised the defendant. Thereupon, the company sent the insured a promissory note made payable to the company for $34.20, one year's premium, and a form of application for reinstatement, suggesting that insured answer the questions and complete the form of the application and sign the same, and the promissory note; the company in that letter advising the insured that upon receipt of such executed documents, if found acceptable, proper receipt would be sent and the policy reinstated.

Insured returned the signed note and application. Apparently the note was proper in form, but the insured had stated in the application that his present occupation was "common laborer," without giving further details. The company was unable, or unwilling, to take final action on the application for reinstatement until it had further information regarding that present occupation, and it so advised the insured by letter, requesting that he write detailed information so that his reinstatement might be given proper consideration. A few days later the insured wrote the company that while he had been a farmer, he was now at work in the oil field. The policy had originally been issued for $2 000, with provisions for double indemnity in case of accidental death. The company now concluded that on account of the change in occupation the policy should not be reinstated as to the double indemnity feature, but reinstatement was approved without the double indemnity and special feature. In that manner the annual premium was only $26.88, and the company now wrote the insured advising approval of application for reinstatement without double indemnity and special feature. In that letter the company returned the promissory note for $34.20, and enclosed new agreement or promissory note made payable to the company for $26.88, to be executed and returned by the insured. That letter also requested forwarding of the policy for indorsement of reinstatement. Thereafter the insured wrote the company in an effort to obtain reinstatement of the policy as originally executed; however, on March 19th, the company wrote the insured declining to approve full reinstatement, but again advising that reinstatement had been approved eliminating double indemnity and special feature. And again on March 31st, the company wrote insured reminding him that application for a reinstatement had been approved after eliminat-

ing double indemnity and special feature, which letter is quoted in full as follows:

"March 31, 1926.

"Mr. Charley Hardy
"320 So. 8th St.          No Reply File
"Duncan, Oklahoma.

"In-re No. 156,469

"Dear Sir:

"We wrote you under date of March 19th, stating that your application for Reinstatement had been approved after eliminating the Double Indemnity and Special Disability Features.

"If you will forward the new Premium Extension agreement in the sum of $26.88, covering the Annual cost of your policy after eliminating the Special Disability and Double Indemnity Features, together with your policy, we will be very glad to make this reinstatement for you.

"Yours very truly,
"Illinois Bankers Life Association
"By Auditor."

"RW*LL
"Back 4/11"

Nineteen days later the insured, Charles E. Hardy, was accidentally killed, and the exact point in controversy was whether after March 31st a reinstatement of the policy was completed. If that reinstatement was completed, then plaintiff, the beneficiary, could recover, otherwise not.

The insurance company, the defendant, contends that after its letter of March 31st, no further action was taken by the insured, and nothing further was heard from him or from anyone in connection with this policy until after insured's death. Upon the other hand, plaintiff contends that the insured received the letter of March 31st, and immediately signed the note for $26.88 and returned it to the company, and that he thereafter, in a few days, received a letter from the company acknowledging receipt of that note, and advising that the reinstatement was complete and in force.

Thus a plain issue of fact was presented in the trial court. The first trial resulted in a verdict and judgment for the plaintiff. The trial court granted a new trial, the exact reason therefor not being apparent nor material here. The second trial also resulted in a verdict and judgment for plaintiff for $2,000. On appeal that judgment was reversed for error of the court in admitting secondary evidence of the contents of written correspondence upon insufficient founda-

tion, and for the reason that the verdict was not sustained by sufficient competent evidence. Illinois Bankers Life Ass'n v. Hardy, 153 Okla. 67, 4 P. (2d) 1049. In that opinion the cause was remanded, with directions to grant a new trial.

Upon further trial there was again a verdict and judgment for the amount of the policy, $2,000, and from that judgment this appeal is prosecuted.

The defendant first urges error in denying motion to strike plaintiff's amended petition, and overruling demurrer thereto. This amended petition was filed after the first appeal, and apparently was drafted to further advise defendant as to plaintiff's claim, in keeping with the views expressed by this court. It presented no new cause of action, as the defendant contended, and we find no merit in that specification of error.

Defendant next contends that the court erred in admitting evidence as to the contents of a letter which was not produced in evidence. The proof shows that after Mr. Hardy died various of his papers and letters were destroyed in clearing up the premises, and that diligent search had failed to disclose the letter in question. Two witnesses had seen the letter when Mr. Hardy received it, and knew that he kept it among his papers, but after destruction of his papers the letter subsequently could not be found. Upon that predicate, oral testimony was admitted by the trial judge as to the contents of the letter. It seems clear that a sufficient foundation was laid for the introduction of this testimony, and we find no error therein. See Adams v. King, 68 Okla. 190, 170 P. 912, 173 P. 206.

Defendant contends that the trial court erred in giving instruction No. 3 to the jury. By that instruction the court, in substance, advised the jury that if the policy was reinstated, the plaintiff should recover. The defendant urges that this instruction should have advised the jury that if the policy was not reinstated then the verdict should be for the defendant, and the defendant presents the further criticism that this instruction indicated to the jury that the trial court thought that plaintiff should recover, because there is nothing in that numbered instruction advising the jury that the defendant should have the verdict if the plaintiff had failed to maintain the material allegations of her petition. We find nothing in that numbered instruction, nor in any of the instructions, to indicate to the jury that the court thought the plaintiff should recover, or should not. It is true that in that

numbered instruction the trial court did not advise the jury that the verdict should be for the defendant if the plaintiff failed to establish her case, and failed to establish reinstatement of the policy, but that is fully covered by the instruction as a whole, wherein the court advised the jury as to the allegations of plaintiff's petition as to the lapse of the insurance policy, and as to the alleged reinstatements, and clearly instructed the jury that the burden was on the plaintiff to establish the material allegations of her petition by a fair preponderance of the evidence.

The defendant requested no instruction on the point upon which it criticises instruction No. 3. We find that instruction No. 3 is sufficiently clear and unambiguous, but if in the trial of the case the defendant desired to have this numbered instruction given to the jury in some different form, or changed somewhat as to substance, then defendant should have so requested. In the absence of such request we find the numbered instruction to be fair, and, together with all of the instructions, to fairly submit the issue of fact, and we find no merit in this contention. See St. L.- S. F. Ry. Co. v. Crowell, 33 Okla. 773, 127 P. 1063; Chickasha St. Ry. Co. v. Wund, 37 Okla. 582, 132 P. 1078; Dunnington v. Loeser 48 Okla. 636, 149 P. 1161, 150 P. 874; Slick Oil Co. v. Coffee, 72 Okla. 32, 177 P. 915; Lusk v. Kennedy, 73 Okla. 307, 176 P. 502; Weighing Machine Co. v. Bondurant, 137 Okla. 27, 277 P. 665; Grant v. Milam, 20 Okla. 672, 95 P. 424; Chitwood v. Palmer, 101 Okla. 300, 225 P. 969; Kenyon v. Perry et al., 113 Okla. 188, 240 P. 702.

The defendant contends that the verdict of the jury is not sustained by the evidence; that the court erred in refusing defendant's requested instruction for a directed verdict, and erred in overruling defendant's motion for judgment non obstante veredicto.

This brings us to a consideration of the defendant's contention that the evidence is insufficient to sustain the verdict, and insufficient to establish the reinstatement of the policy.

Under the circumstances here, whether this policy was reinstated was a question of fact. Both the company and the insured desired reinstatement. Formal and satisfactory application for reinstatement had been made. That application had been approved by the company and the insured was advised, in substance, that if he signed and returned the note the reinstatement would be completed. There is sharp conflict in the proof as to whether the company did or did not

receive the note and advise the insured thereof, and that the reinstatement was thereby completed. The testimony on the part of the plaintiff was positive that the insured did sign the note and mail it to the company, and did in turn receive the acknowledgment of the company that the note had been received and the policy reinstated. Upon the other hand, the testimony on the part of the company was positive that the note for $26.88 was not received, and that the company did not write the insured that the note had been received and the policy reinstated. Upon three occasions this testimony was presented to the jury and the witnesses subjected to cross-examination. In each instance the jury found the facts in favor of the plaintiff.

We have here a sharp dispute of fact turning upon the question of the credibility of witnesses, and of the weight and value to be given their testimony. These are questions for determination by the jury under proper instructions from the trial court, and an instructed verdict was not authorized. See section 350, O. S. 1931; Folley v. Chicago, R. I. & P. Ry. Co., 16 Okla. 32, 84 P. 1090. It is for the jury to determine the credibility of the witnesses and the weight and value of their testimony. Hammett v. State, 42 Okla. 384, 141 P. 419, Key v. Hill, 93 Okla. 64 219 P. 308; Beams v. Step, 116 Okla. 291, 244 P. 775. The jury here saw the plaintiff's witnesses, and heard them testify directly and upon cross-examination. That jury, upon oath, considered all of the evidence, and accepted and believed the sworn statements of plaintiff's witnesses. If that testimony is true, there is no escape from the conclusion that this insurance policy was reinstated as asserted by plaintiff, and as determined by the jury and approved by the trial court. We cannot substitute a contrary view as to the credibility of a witness or weight of his testimony for the verdict of the jury so approved by the trial court. In view of all the circumstances, it cannot be urged that plaintiff's evidence is so improbable as to be unworthy of belief, or to constitute no evidence to sustain the verdict. Under the rule of many decisions, we must accept the jury verdict on this question of fact.

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, PHELPS, and CORN, JJ., concur. GIBSON, J., dissents.