## NEW YORK LIFE INS. CO. v. THOMPSON.

No. 27510.   Sept. 28, 1937.

Rehearing Denied Oct. 26, 1937.

Steele & Daugherty, for plaintiff in error.

E. M. Connor, for defendant in error.

CORN, J. For convenience the parties will be referred to as they appeared in the trial court. The facts are substantially as follows: The plaintiff owned an apartment house in Tulsa on which the defendant held a mortgage, executed by a prior owner and which plaintiff had not assumed. In 1932, the mortgage was in default and the defendant brought suit to foreclose.

While owning the premises the plaintiff had equipped the building, including 12 electric refrigerators purchased from the Standard Roofing & Material Company under a conditional sales contract. Negotiations were entered into between plaintiff and defendant whereby plaintiff was to sell the furniture and equipment to the defendant. An agreement was made whereby the plaintiff entered his appearance in the foreclosure action, assigned the rents, and executed a bill of sale for all equipment, the defendant paying him $750, the transaction being closed September 6, 1932; the bill of sale reciting that these refrigerators were subject to an existing lien in favor of the Refrigeration Discount Corporation; the

equipment at this time was not in working order.

The company holding the conditional sales contract demanded payment from the defendant, but the defendant refused and ordered this equipment removed. In April, 1934, the Standard Roofing & Material Company became the owner of this contract and brought suit against the plaintiff for the balance due, recovering a personal judgment for $675, interest, attorney fees, and costs. This judgment the plaintiff later paid.

In September, 1935, the plaintiff began this action, claiming that the defendant had orally agreed to pay the balance on the refrigerators; the defendant denied the existence of any such agreement, and alleged the bill of sale contained the only agreement made regarding the refrigerators. The cause was tried to a jury, resulting in a verdict for the plaintiff. Motion for new trial was overruled and the defendant appeals, making four assignments of error as grounds for reversal, which are combined and submitted under three propositions, which will be discussed in the order submitted in the appeal brief.

The first proposition urged by the defendant as grounds for reversal is that the evidence is insufficient to support the judgment, and the trial court erred in refusing to direct a verdict in favor of the defendant.

Apparently this contention is based principally upon the defendant's argument that at the trial the plaintiff was unable to testify as to the exact time certain negotiations took place. Particularly does the defendant complain that the plaintiff could not testify as to the exact date on which he received two letters from Phil Braniff, given to the plaintiff to assure him of the defendant's good faith in this matter, even though these terms were not specifically stated in the bill of sale.

This failure on the plaintiff's part to recall the exact date of his meeting with Braniff, at which time the letters were given him, is not unnatural. Two years' time had elapsed since this meeting. After opening negotiations, Braniff agreed to submit the proposition to the defendant. Later Braniff notified the plaintiff that the papers were ready, but the plaintiff was sick and

unable to call for them. Some time later he called on Braniff, and at that time objected to the failure to include an assumption clause in the bill of sale. At this time Braniff asked that it might be left in that form in order to facilitate settling the matter with the Refrigeration Discount Corporation, and gave to the plaintiff the two letters in question as evidence of the defendant's good faith in dealing with the plaintiff as Braniff had assured him the defendant would do.

It is true enough that the plaintiff could not testify as to the exact date. However, Braniff himself positively testified that the last conversation he had with the plaintiff was on September 4th, and the evidence disclosed that the deal was closed on September 6th, and that thereafter they had no conversation for a month or six weeks.

These facts being disclosed from the record, we are of the opinion that the evidence was sufficient to support the verdict, and it was not error for the trial court to refuse to direct a verdict for defendant, the evidence establishing that there was an agreement by the parties that the defendant assume and pay the balance due on this conditional sales contract for these refrigerators.

The defendant next complains that the trial court erred in refusing to allow defendant's exhibit No. 6, the letter from Homer King to Mr. Murray reporting the closing of the transaction with the plaintiff, to be introduced in evidence. This letter was from one in the employ of the defendant's agent to an employee of the defendant. It is sufficient to say, in this connection, that this letter could at best only be considered as self-serving and hearsay, and hence, was inadmissible under the general rule of evidence that a party cannot make evidence for himself by his communications addressed to his agent. See Whitsett v. Parnell, 144 Okla. 186, 289 P. 696.

The last ground upon which the defendant asks for reversal is that the trial court erred in giving certain instructions to the jury, these instructions dealing with the authority of the defendant's agent, the Braniff Investment Company, by Mr. Phil Braniff, to act for the defendant in this matter. Examination of the record discloses that the defendant admitted Braniff's authority to act as its agent, but urges now that his authority to act in this matter was limited and subject to Murray's approval. Nevertheless, it appears that the agreement between Braniff and this plaintiff was made the basis of the settlement finally agreed upon by the plaintiff, T. J. Murray, and Braniff.

From examination of the entire record it does not appear that the instructions complained of misled the jury or caused a miscarriage of justice, nor that the defendant was prejudiced by these instructions. The jury returned a verdict for the plaintiff, and the record reveals that such verdict is sustained by sufficient evidence.

As said by this court in the earlier case of Midland Valley Railway Co. v. Barnes, 162 Okla. 44, 50, 18 P. (2d) 1089, 1094:

"It is the opinion of the majority of the court that while the instruction was erroneous and misleading, yet in the light of the evidence it does not appear to have misled the jury into finding upon the issue otherwise than they would have found under proper instructions, and it is therefore their conclusion that under the provisions of (sec. 252, O. S. 1931) section 319, C. O. S. 1921, the error should in the instant case be held to be harmless."

See, also, Potts, Exec., v. Zolinger, 79 Okla. 262, 192 P. 1099; Chitwood v. Palmer, 101 Okla. 300, 225 P. 969; St. Louis-S. F. Ry. Co. v. Loftus, 109 Okla. 141, 234 P. 607, to the same effect.

We therefore hold that the instructions given by the court and complained of by the defendant did not prejudice or mislead the jury into finding other than they would have found under more proper instructions, and, therefore, the judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and HURST, JJ., concur.