**Thelma C. CARLIN, Appellant,**

**v.**

**John T. STRINGER and Nesbitt Fruit Products, Inc., a California Corporation, Appellees.**

**No. 8299.**

United States Court of Appeals Tenth Circuit.

Sept. 7, 1966.

John L. Boyd, Tulsa, Okl. (W. F. Tucker, Jr., and Edgar H. Parks, Tulsa, Okl., with him on the brief), for appellant.

Truman B. Rucker, Tulsa, Okl. (B. W. Tabor and C. D. Tomlins, Tulsa, Okl., with him on the brief), for appellees.

Before LEWIS, BREITENSTEIN, and HILL, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

In this diversity action, the plaintiff-appellant sought to recover damages for personal injuries to her caused by the negligence of defendants-appellees in an intersection automobile collision on the streets of Tulsa, Oklahoma. Trial was to a jury and resulted in the return of a verdict favoring plaintiff in a modest amount. This appeal is taken from the judgment entered accordingly and contends that the trial court erred in the instructions and also erred in the exercise of the court's procedural control over counsel's arguments to the jury.

The correctness of the court's instructions is dependent upon the substantive law of Oklahoma pertaining to the rights of a married woman to recover for medical expenses occasioned to her through the tort of a wrongdoer. The trial court held that under the circumstances of the instant case such expenses were not subject to recovery and accordingly instructed the jury:

> "The plaintiff has been permitted to introduce evidence of the amount of doctor and hospital bills and medical expenses incurred as a result of her injuries. This evidence was admitted only for whatever benefit it might be to the jury in determining the extent and gravity of her injuries, if any. You are instructed that the plaintiff cannot recover doctor and hospital bills and medical expenses in this action, and you are instructed that you should not include such expenses in your verdict."

Plaintiff, both at the time of accident and at time of trial, was a married woman living with her husband. She was unemployed, without separate funds of her own, and dependent upon her husband for payment of all medical expenses. She testified that her injuries had resulted in medical expenses of over $1800, some of which had been paid by her husband and some of which were yet unpaid. When asked whether her husband would continue to pay such expenses she testified:

> "I imagine he will. Unless something happens to him and then I will have to."

Although Oklahoma has by statute granted to married women the right to recover in their own name for injuries to their person, Title 32, O.S.A. sec. 15, and to sue and be sued as if unmarried, Title 12, O.S.A. section 224, these statutes have never been construed to allow to a totally dependent married woman the recovery of the special damages of medical expenses. As early as 1925 the Supreme Court of Oklahoma stated:

> "As to the items of expenses for physician, medicine, etc., we think, under the general rule, the defendant is correct in its contention that they are not proper items of damages in a case of this kind, where they are not paid by plaintiff at the time the action is brought, and where she is a married woman and lives with her husband."

St. Louis-San Francisco Ry. Co. v. Loftus, 109 Okl. 141, 234 P. 607, 610.

And as recently as January 4, 1966, the high Oklahoma court has had occasion to review its own decisions upon this repetitive issue and to indicate that recovery of medical expenses by a married woman is proper only when an exception to marital dependency is existent. In J. C. Penney Co. v. Barrientez, Okl., 411 P.2d 842, 851–852, the court allowed recovery of medical expenses but premised its decision upon the fact that plaintiff, a married woman, had specifically agreed to pay the expenses and had the ability to do so. These factors are not present in the case at bar but, as we have indicated, are actually negatived. We hold that the trial court's instruction was in accord with Oklahoma law.[1]

Plaintiff's other contention of error is without merit. By agreement, the parties had been allotted fifteen minutes each for argument to the jury. Plaintiff elected to take ten minutes to open and to reserve five minutes to close. At the conclusion of plaintiff's opening argument, counsel for the defendants waived his right to argue to the jury. The trial court indicated that under the rules of that court the defendants' waiver concluded the right of all parties to further address the jury. No objection was taken by plaintiff to this procedure which is now presented as error.

Although we have been referred to no written rule in the Northern District of Oklahoma, and know of no such rule, that is applicable to waiver of argument to a jury, this record indicates a custom that may be frequently applied. Such a practice is neither unusual nor necessarily improper unless applied inflexibly. Supervision of oral argument is part of the procedural conduct of the trial and is primarily entrusted to the discretion of the trial court. McDonald et ux. v. United Airlines, Inc., 10 Cir., decided September 6, 1966, 365 F.2d 593. Such supervision must prevent a truly prejudicial result occasioned by surprise or any manifest injustice. However, in the case at bar we find no abuse of discretion upon the part of the trial court. The trial had been very short, the defendants having admitted liability and having offered no evidence on the single issue of damages. Plaintiff's opening argument dealt fully with the question of damages and defendants had advanced no affirmative position of any kind. The trial court could properly limit oral argument in the manner done.

Affirmed.

1. Plaintiff's argument that the Oklahoma rule is archaic in concept, leads to multiple suits, and ignores "the economic facts of life" is not properly directed to this court.