THE CHICAGO LIVE STOCK COMMISSION COMPANY v. JESSE FIX.

(Filed September 3, 1904.)

1. TRIAL—Stipulation, Construction of. A stipulation between parties to an action in respect to evidence should receive a fair and reasonable construction, so as to carry into effect the apparent intention of the parties, and one that will promote a fair trial on the merits of the cause.

2. **INSTRUCTIONS—Special—Omitted, When.** Where the court has generally instructed the jury on questions of law, it is no ground for a reversal of the cause that the court omitted to give special instructions, where they were not requested by either party.

3. **SAME.** Under the provisions of our code, before a party can avail himself of any omission by the court to instruct the jury upon a given point, which is not covered by the general instructions of the court, such party must, at the conclusion of the evidence, submit to the court special instructions, and such instructions must be reduced to writing, numbered, and signed by the party or his attorney.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before B. F. Burwell, Trial Judge.*

T. G. *Cutlip* and *McLain Taylor*, for plaintiff in error.

B. B. *Blakeney*, for defendant in error.

Opinion of the court by

HAINER, J.: This was an action of replevin by the Chicago Live Stock Commission Company, plaintiff in error, against the defendant in error, Jesse Fix, to recover the possession of twenty-two head of cattle. It was admitted upon the trial that the Chicago Live Stock Commission Company, loaned to Hines & Hinkley the sum of money alleged in the plaintiff's petition, and that said Hines & Hinkley, to secure said loan, executed and delivered to the plaintiff in error a chattel mortgage upon a herd of cattle, which included the cattle involved in this action. It was further admitted that the mortgage was a valid and subsisting mortgage, and that the indebtedness was valid, and that the same was due and unpaid. It was also admitted that the defendant was in possession of the cattle described in the writ of replevin, and that demand was made prior to the commencement of the action, and refused. It was further stipulated

that the letters written by the Chicago Live Stock Commission Company, plaintiff in error, to Hines & Hinkley, should be offered in evidence, subject to their competency and relevancy.

The defendant contended that the Chicago Live Stock Commission Company, plaintiff in error, had authorized Hines & Hinkley to sell the cattle in controversy, and that such sale was made with their knowledge, and with their written permission, and that they subsequently ratified the sale. The cause was submitted to a jury, and a verdict was returned in favor of the defendant for the possession of the cattle in controversy, and assessed the value of said cattle at $425.37, which verdict was approved by the court, and judgment was rendered in accordance therewith. Motion for a new trial was duly filed and overruled, and exception reserved, and the plaintiff brings the cause here on appeal for review.

It is contended by the plaintiff in error that the court erred in not rendering judgment against the defendant upon the stipulation introduced in evidence. We do not think so. The stipulation is not susceptible of the construction contended for by the plaintiff in error. A stipulation between parties to an action in respect to evidence should receive a fair and reasonable construction, so as to carry into effect the apparent intention of the parties, and one that will promote a fair trial on the merits of the cause. (Enc. P. & P., vol. 20, p. 658.) It seems to us that, upon a reasonable interpretation, the stipulation only admitted that the chattel mortgage in question was a valid and subsisting mortgage between the parties to the mortgage; that the indebtedness was valid, due, and unpaid; that the mortgage

covered the cattle in controversy herein and that a demand had been made upon the defendant, which was refused.

The mortgage expressly provided that the cattle included therein could be sold by Hines & Hinkley upon written permission from the mortgagee. It was claimed by the defendant that such written permission was granted by the mortgagee to Hines & Hinkley; that Hines and Hinkley had sold the cattle in controversy to Connally & Powers, and that subsequently Connally & Powers sold said cattle to the defendant, Jesse Fix, in Pottawatomie county, Oklahoma, and that Jesse Fix had no notice or knowledge of the mortgage in question, which was executed and filed for record in the Creek nation, Indian Territory. It was further contended by the defendant that the mortgagee, The Chicago Live Stock Commission Company, had knowledge of the sale of the cattle, and had ratified the same.

These were questions of fact which were properly submitted to the jury upon the written stipulation, the depositions, letters, and oral testimony offered in evidence. Moreover, the value of the cattle was a question of fact which it was necessary to submit to the jury. Manifestly, for the court to have rendered judgment upon the stipulation, and withdrawn these disputed questions of fact from the jury, would have been reversible error. We think the court, in the instructions to the jury, adopted the correct theory of the case. On this branch of the case, the court instructed the jury as follows:

"And in this connection the court will instruct you that it is admitted by and between the parties to this action that said mortgage is a valid and subsisting mortgage, and that it covered the cattle in controversy, and in this con-

nection the court will further instruct you that, under the admissions of the parties to this case, the plaintiff is entitled to recover, unless you further find that the mortgagee authorized the mortgagors, Hines & Hinkley, to sell said cattle, and that, pursuant to such authority, the said Hines & Hinkley sold and delivered said cattle to Connally & Powers in good faith for a valuable consideration, and that Connally & Powers received said cattle in good faith, and thereafter, in good faith sold and delivered said cattle, for a valuable consideration, to this defendant, and that he received them in good faith, but if you find, by a preponderance of the evidence, that the said Hines & Hinkley were authorized by the mortgagee to sell said cattle, and that they sold them to Connally & Powers, who thereafter sold them to the defendant, and that all of said transfers were made in good faith by said parties and so received, for a valuable consideration, then and in that event your verdict should be for the defendant."

We are clearly of the opinion that the jury were fully warranted in finding that the plaintiff had authorized the mortgagors, Hines & Hinkley, to sell the cattle in controversy, and that said cattle were subsequently purchased by the defendant, in good faith, without any knowledge or notice of the mortgage. And there was evidence to justify the jury in finding that the mortgagees had knowledge of the sale of the cattle by the mortgagors, and that the plaintiff subsequently ratified said sale.

We think the instructions of the court sufficiently covered the law applicable to the pleadings and the evidence submitted to the jury, and to which instructions no exceptions were taken, and no additional instructions were requested by either party. It is argued by the plaintiff in error that the court should have instructed the jury as to the force and effect of the stipulation which was offered

in evidence. If the plaintiff desired an instruction upon the effect of the stipulation offered in evidence, he should have requested an instruction upon that point. It is no ground for a reversal of a cause that the trial court omitted to give instructions which were not requested by either party. This is the general doctrine even in the absence of any express statute, and has been so declared repeatedly by the supreme court of the United States.

In *Pennock v. Dialogue,* 2 Pet. 1, Mr. Justice Story, speaking for the supreme court of the United States upon this point, uses the following language:

"But it is no ground for reversal, that the court below omitted to give directions to the jury upon any points of law which might arise in the cause, where it was not requested by either party, at the trial. It is sufficient for us, that the court has given no erroneous directions. If either party deems any point presented by the evidence to be omitted in the charge, it is competent for such party to require an opinion from the court upon that point; if he do not, it is a waiver of it."

In *Texas and Pacific Railway Company v. Volk,* 151 U. S. 73, Mr. Justice Gray, after approving the above language of Mr. Justice Story, said:

"A request for instructions, being necessary to entitle the excepting party to avail himself of an omission to instruct, cannot be presumed, but must affirmatively appear in the bill of exceptions."

In *Isaacs v. United States,* 159 U. S. 487, Mr. Justice Brown, speaking for the court, said:

"It is no ground for reversal that the court omitted to give instructions, where they were not requested by the defendant. It is sufficient that the court give no erroneous instructions."

And the same doctrine was again reiterated and reaf firmed in *Humes v. United States,* 170 U. S. 210.

And the fifth subdivision of sec. 264 of our code of civil procedure, (sec. 4462 Wilson's Statutes, 1903) expressly provides that:

"When the evidence is concluded and either party desires special instructions to be given to the jury, such instructions shall be reduced to writing, numbered, and signed by the party or his attorney asking the same, and delivered to the court."

The supreme court of Kansas, in construing this same statute, has held, in *Douglas v. Geiler,* 4 Pac. 1039:

"In a trial by a jury it is the duty of the court to instruct the jury on questions of law he deems applicable to the case as made by the pleadings and evidence; and if a party desires other or different instructions, he must make his request in writing for them, as provided by section 275 of the code. If no such request is made, the instructions given stand as the law of the case for that trial. A judgment will not be reversed in this court on the ground that the trial court should have given other or different instructions, where a request in writing for such instruction was not made on the trial."

In *Tays v. Carr,* 14 Pac. 456, the supreme court of Kansas held that:

"When a party to an action desires special instructions to be given to the jury, such instructions shall be reduced to writing, and delivered to the court. It is no error to refuse to give an instruction orally requested of the court."

In *Morisette v. Howard,* 63 Pac. 756, the supreme court of the same state held:

"The refusal of a requested instruction, not signed by the party asking it as required by section 275 of the civil code, is not a ground of error."

Hence, under the provisions of our code, before a party can avail himself of any omission by the court to instruct the jury upon a given point; which is not covered by the general instructions of the court, such party must, at the conclusion of the evidence, deliver to the court special instructions, and such instructions must be reduced to writing, numbered, and signed by the party or his attorney.

Lastly, it is contended by the plaintiff in error that the value of the cattle was not established by competent proof, and that the verdict of the jury is excessive. Neither of these contentions is well taken. The evidence of the defendant disclosed the fact that he had been engaged in farming for forty-five years; that during said period he had been dealing in cattle, and was familiar with the price of cattle in that neighborhood. He was certainly competent to testify on the question of value, and there was no error in admitting his testimony. The same is true of the testimony of the witness Connally, and the other witnesses who testified on the question of value. We think the evidence fully warranted the finding of the jury, and that the verdict is not excessive.

Finding no error in the record, the judgment of the district court is affirmed.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.