## CARPENTER v. ROACH.

No. 6373.   Opinion Filed January 25, 1916.

(155 Pac. 237.)

1. 2, 3. APPEAL AND ERROR—Assignments of Error—Sufficiency—Instructions—Change of Contention. The same as paragraphs 1, 2, and 3 in **Bouton v. Carson,** 51 Okla. 579, 152 Pac. 131.

4.    SALES—"Sale"—"Executory Agreement to Sell." The same as 4 in **Brooks v. Tyner,** 38 Okla. 272, 132 Pac. 683.

5.    SALES—Value of Property—Evidence. Upon the trial of a direct issue of fact, as to whether the sale of certain property was made at a certain price, either party, as a circumstance bearing thereon, may show the value of the property involved, which the jury may consider for what it is worth in determining the issues.

(Syllabus by Hooker, C.)

*Error from County Court, Blaine County;*
*Ed Baker, Judge.*

Replevin by Dudley S. Roach against Ed Carpenter. Judgment for plaintiff, and defendant brings error. Affirmed.

*I. H. Lookabaugh,* for plaintiff in error.

*Seymour Foose* and *R. C. Brown,* for defendant in error.

Opinion by HOOKER, C. This is an action in replevin to recover the possession of certain personal property, which the defendant in error claims to have purchased on August 23, 1913, from the plaintiff in error. It appears from an examination of the record that Carpenter was indebted to Roach, and that on the 23d of August, 1913, a settlement was had between them whereby Roach took the property involved in this action, and surrendered to Carpenter his note and mortgage thereon. The property was then in the possession of Carpenter and was to be delivered to Roach the next day, and the note and mortgage were then and there destroyed by Roach at the instance of Carpenter, and in his presence and in the presence of others there assembled. The next day Carpenter borrowed some of the property from Roach, and subsequently refused to permit Roach to have possession of any thereof, and this suit was thereupon filed. The cause was tried in the lower court upon the sole theory and issue: Did Roach buy this property on August 23, 1913, in the manner and form stated? Roach contends that he did, and Carpenter that he did not. The evidence sustains Roach overwhelmingly, and the jury found in his favor. The issue was properly presented to the jury by the instructions of the court, and the plaintiff in error did not offer any instructions, nor did he take any exception to the charge of the court. He has presented to this court several assignments of error, which we will discuss in the manner presented.

1.   He contends that certain elements of damage sought to be covered by the petition were improper, and the evidence introduced supporting the same was incompetent and immaterial.   This assignment is not supported by the record, and, inasmuch as they did not allow any damages by their verdict, the plaintiff in error has no cause of which he can complain.

2.   He contends that under the evidence of the plaintiff in error the contract was an executory one, and that the title to the personal property did not pass to Roach. This is not supported by the evidence, and the cause was tried in the lower court upon the sole question as to whether or not Carpenter made the contract of sale to Roach as stated above.   The jury found he did, and the plaintiff in error did not present to the lower court any other contention, nor did he contend there, as he is now asserting, that this was an executory contract.

One cannot try his case in the trial court upon one theory, and then ask a reversal of the judgment in this court on a theory not presented to the trial court, or raised by the pleadings.

The evidence fails to support his contention, as the same sustains a plain, positive sale to Roach, and under the rule announced in *Brooks v. Tyner*, 38 Okla, 271, 132 Pac. 683, as follows:

"The distinction between an 'actual sale' and a mere 'executory agreement to sell' is quite marked.   In a sale the thing which is the subject of the contract becomes the property of the buyer the moment the contract is concluded, and without regard to the fact whether the goods be delivered to the buyer or remain in possession of the seller; whereas, in an executory agreement the goods remain the property of the seller until the con-

tract is executed.  *  *  *  It is true that the general rule is that when the title to personal property of ordinary character is in dispute, and the title asserted by the respective parties is a strictly legal title, the remedy of the party out of possession is at law by an action of replevin, and he cannot maintain a suit in equity to establish his ownership"

—the defendant in error was entitled to maintain this suit in replevin and recover the possession of this property. The law above stated is supported by the following authority:

*Abraham v. Karger,* 100 Wis. 387, 76 N. W. 330:

"One who has purchased goods, ready for delivery and set apart, may, on payment of part purchase price and refusal of tender of balance, maintain replevin for the goods."

Also, Cobbey on Replevin, par. 289:

"One who purchases goods, ready for delivery and set apart, may, on payment of part of the purchase price and refusal of tender of balance, maintain replevin for the goods."

Also, 35 Cyc. 277:

"When the contract is for the sale of specific or ascertained goods, the property in them is transferred to the buyer at such time as the parties to the contract intend to be transferred, or, in other words, if the goods are specific whether the contract of sale is executed or executory depends solely on the intention of the parties."

Also, in *Barber v. Thomas,* 66 Kan. 463, 71 Pac. 845:

"If it is the intent of the parties to a contract of sale of personal property that the title shall presently vest in the vendee, such intent will govern, and ownership passes, although possession is retained by the vendor."

A multitude of cases can be cited in support of the above contention, but the above is sufficient, coupled with the finding of the jury that the title passed, to justify this court in holding that the judgment of the lower court is correct upon this proposition.

3. He claims the instructions of the court were erroneous, but he did not offer any instructions to the court, nor did he save any proper exceptions to those given by the court upon the trial of the case; hence he is not in a position to complain.

The court, in the following case, *Bouton v. Carson*, 51 Okla. 79, 152 Pac. 131, has held that:

"Where the court has given general instructions to the jury which are not excepted to, it is not ground for reversal that it did not give a special instruction."

Also, in *Chicago Live Stock Commission Co. v. Fix*, 15 Okla. 37, 78 Pac. 316, it is held that, where the court has given general instructions to the jury on the law of the case, it is no ground for reversal if the court fails to give special instructions, unless requested to do so, and, if the plaintiff in error had wished his theory of the case to be presented, he at least should have asked an instruction covering this point. See *Moore v. O'Dell*, 27 Okla. 1977, 111 Pac. 308. However, so far as the plaintiff in error is concerned, the instructions were fair and stated the law upon the theory of his case as presented by him.

4. He claims that the court excluded competent evidence, which he discusses; that is, as to the value of certain property which Roach claims to have bought from Carpenter for the note and mortgage. We are of the opinion that, where there is a direct issue of fact as to

whether a sale of certain property was made at a certain price, either party, as a circumstance bearing thereon, may show its value, which the jury may consider for what it is worth in determining the issues. However, this evidence was subsequently introduced by the plaintiff in error by the testimony of other witnesses, and not controverted by the defendant in error, and, as the evidence is so preponderating against the plaintiff in error, we are of the opinion that the action of the trial court in sustaining the objection to said evidence was cured by its subsequent introduction, and, not being contradicted by the defendant in error, that this is not sufficient to reverse this cause.

This cause could have been dismissed for the failure of the plaintiff in error to comply with rule 25 (38 Okla. x, 137 Pac. xi) in the preparation of his brief, and for a defective recital in his case-made; but we have not done so.

For the reasons above stated, we recommend that the judgment of the lower court be affirmed.

By the Court: It is so ordered.