## GRANT-SPRAGUE LUMBER CO. v. FIRST NAT. BANK OF DRUMRIGHT et al.

No. 13724—Opinion Filed June 3, 1924.

Rehearing Denied June 24, 1924.

**1. Trial—Direction of Verdict—When Proper.**

In the trial of a law action, if the evidence does not create a question of fact for submission to the jury, either directly or by inference, which reasonable men might draw from the evidence, there is no question for submission to the jury, and it is the duty of the court to instruct the jury to return a verdict in favor of the plaintiff.

**2. Appeal and Error—Review—Insufficiency of Evidence.**

On appeal to this court, if there is no competent evidence reasonably tending to support the verdict in favor of the defendant, the cause will be reversed.

**3. Same.**

Record examined; held, to be insufficient to support the verdict in favor of the defendant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; Edw. Dewes Oldfield, Judge.

Action by Grant-Sprague Lumber Company, a corporation, against the First National Bank of Drumright, Okla., et al. the possession of one automobile. Judgment for defendants. Plaintiff brings error. Reversed and remanded.

Homer N. Boardman, for plaintiff in error.

Blakeney & Ambrister, for defendants in error.

Opinion by STEPHENSON, C. The plaintiff, which was an Oklahoma corporation, commenced its action against the First National Bank of Drumright, Okla., and Ben B. Dancey, as sheriff of Oklahoma county, in replevin, for the possession of one Marmon car. In the trial of the cause judgment went for the defendant and against the plaintiff. The plaintiff has perfected its appeal to this court and assigns several of the proceedings had in the trial of the cause, as error for reversal. Among the several errors assigned are the following: (1) Error in the refusal of certain testimony offered by the plaintiff; (2) the receiving of certain evidence offered by the defendant over the objection of the plaintiff; (3) that the verdict is contrary to the evidence; and (4) is contrary to the law.

L. B. Grant and his wife, Annie L. Grant, were stockholders in the plaintiff corporation, which was engaged in the lumber business and construction work in Oklahoma City. The proof is that Annie L. Grant purchased one Marmon automobile at a cost of about $6,500. The proof further showed that she conducted business affairs of her own account of sufficient magnitude to justify and enable her to purchase from her own funds the car in question, if she wished to do so. The proof is that she purchased the car in question several months before the replevin action was commenced. It appears that after the wife purchased the car, the officers and employes of the lumber company used the car extensively for the business of the corporation. On several occasions Annie L. Grant was deprived of the desired use of the car on account of its use by the corporation. Finally she delivered an ultimatum to the corporation, which was both probable and natural, that it would be required either to return the car to her use or purchase and pay for the same. On June 28, 1921, it appears that the corporation elected to purchase the car from Annie L. Grant, and according to the records paid her for the car on that date. About July 16, 1921, the bank recovered a judgment against L. B. Grant for about the sum of $2,400. Thereafter the bank caused an execution to be issued out of the cause and levied on the automobile. Then followed this proceeding by the lumber company for possession of the car. In the trial of the cause the plaintiff undertook to prove by the general manager, the proceedings had by the corporation in the matter of the purchase of the car. The court sustained the defendant's objection to the introduction of the testimony. The records of the meeting of the board of directors or stockholders, authorizing the purchase of the car, and the proceedings had in connection with the purchase, is the best evidence, and was competent. Mullanphy Sav. Bank v. Schott, 135 Ill. 655, 26 N. E. 640, 25 A. S. R. 401; Mandel v. Swan Land Co., 150 Ill. 177, 40 N. E. 462, 45 A. S. R. 124, 27 L. R. A. 313. Parol evidence as a general rule cannot be received to prove the record or the action of the board of directors or stockholders, unless the loss of the records be first shown, or it be proved that the proceedings were not made a matter of record. Haven v. New Hampshire Asylum, 13 N. H. 532, 38 Am. Dec. 512; Starwick v. Washington Cut Glass Co., 64 Wash. 42, 116 Pac. 459, Ann. Cas. 1913A, page 262.

Other errors were committed by the court in the refusal and receiving of testimony. It would serve no useful purpose to analyze these questions and apply the rules, as it would amount merely to multiplying the already abundant precedents established for guidance in relation to such questions. For the support of the verdict the defendant relies on proof of the following matters: It was shown by the defendant that on March 31, 1921, a member of the corporation made application for a license tag on the car in question in the name of L. B. Grant as owner. But the evidence further shows that this was done at a time when L. B. Grant was out of the city and without the knowl-

edge of Annie L. Grant. The employe of the corporation applied for the license tag on account of notice being given that further time would not be allowed for procuring tags. The employe paid for the tag out of the funds of the corporation. which was reasonable on account of the claimed use of the car by it. The defendant further proved that L. B. Grant was using and driving the car at the time the execution was levied thereon. After the corporation purchased the car, it continued to use the same in the business affairs of the corporation. L. B. Grant was an officer of the corporation and used the car along with other officers and employes for the corporation. The evidence relied on by the defendant to support the verdict is entirely consistent with the claim of ownership by the plaintiff. through Annie L. Grant, and does not justify an inference contrary to the claim. As between the defendant bank and L. B. Grant. the sale placed a good title in the corporation and on the evidence introduced in this cause, it was entitled to an instructed verdict. This case comes within the rules applied in Alderson v. Hume, Sheriff, reported in 40 Okla. 533, 139 Pac. 955. In the trial of a law action to the court or the jury, if there is any competent testimony which reasonably tends to support the verdict of the jury, it will not be reversed on appeal for insufficient evidence. Midland Valley R. R. Co. v. Goble, 77 Okla. 206, 186 Pac. 723. If the testifony is contrary to the verdict it will operate to cause the reversal of the case. Tate v. Coalgate State Bank et al., 72 Okla. 276. 180 Pac. 687; Spaulding Mfg. Co. v. Holliday,. 32 Okla. 823. 124 Pac. 35.

It is recommended that this cause be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.