**KENYON v. PERRY et al.**

No. 15611—Opinion Filed Sept. 8, 1925.

Rehearing Denied Oct. 27, 1925.

(Syllabus.)

1. **Trial—Province of Jury—Lack of Question of Fact.**

In the trial of a law action, if the evidence does not create a question of fact for submission to the jury, either directly or by

inference which reasonable men might draw from the evidence, there is no question for submission to the jury.

## 2. Trial—Sufficiency of Instructions—Duty of Counsel as to Special Instructions.

Where a special instruction is requested, it is the duty of counsel to prepare and submit to the court such desired instruction in writing, properly numbered and signed, and upon timely delivery to the court request that it be given. Upon a failure to do so, where the court has given general instructions applicable to and reasonably covering the issues and the evidence, this court will not consider as error the court's failure to instruct of its own motion upon any given proposition. (Subdivisions 5 and 6 of section 541, Comp. Stats. 1921.)

## 3. Same—Instructions Considered as a Whole.

It is not necessary for each separate instruction to embody every fact or element essential to sustain or defeat an action, nor is it necessary for each separate instruction to cover the entire case. If the different instructions, taken together and considered as a whole, fairly present the law of the case, and there is no conflict between the different paragraphs thereof, this will be sufficient.

## 4. Appeal and Error—Questions of Fact—Conclusiveness of Verdict.

When questions of fact are submitted to a jury under proper instructions, and there is any evidence reasonably tending to support the jury's verdict, the same will not be disturbed on appeal.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by William A. Kenyon against Harry F. Perry and Nannie V. Perry, his wife, and Marion A. Dennis and Frances Dennis, his wife. Judgment for defendants, and plaintiff brings error. Affirmed.

Jos. I. Pitchford and Abernathy & Howell, for plaintiff in error.

Charles A. Dickson and M. A. Dennis, for defendants in error.

PHELPS, J. This case comes to us from the district court of Okmulgee county, where suit was commenced by William A. Kenyon against Harry F. Perry, Nannie V. Perry, Marion E. Dennis, and Francis Dennis. Plaintiff alleges in his petition that on March 30, 1919, his little daughter, between four and five years of age, while in the street in front of his home in the city of Okmulgee, was run over and killed by an automobile in which the four defendants were riding, alleging that the death of said child was caused by the negligence of the defendants, and he prayed for damages against the defendants. Before trial he dismissed the suit as to Nannie V. Perry and Frances Dennis.

The case went to trial before a jury, and the court directed a verdict in favor of defendant Marion E. Dennis, and the jury returned a verdict in favor of the remaining defendant, Harry F. Perry, from which and the court's order overruling plaintiff's motion for new trial this appeal is prosecuted.

Of plaintiff's several assignments of error, Nos. 2, 5, and 6 are given attention in his brief.

Plaintiff complains of the court's action in instructing the jury to return a verdict in favor of the defendant Marion E. Dennis.

The evidence disclosed that Dennis was not the owner of, and was not driving nor in control of the automobile that ran over and caused the death of the child; plaintiff contending, however, that there was some evidence that defendant Dennis had made the statement soon after the accident that the automobile in which they were riding belonged to him, although plaintiff alleges in his petition that the automobile belonged to Perry. Perry admitted that the automobile belonged to him, and Dennis stated that the automobile belonged to Perry, and all the evidence introduced in the case showed that the automobile belonged to Perry, except the statement of the witness that soon after the accident Dennis was heard to say that the automobile belonged to him. It is an elementary principle of law that a litigant is bound by the allegations and admissions made in his pleadings, and will not be heard to deny such allegations or admissions. Southwestern Broom & Warehouse Co. v. City Nat. Bank, 52 Okla. 422, 153 Pac. 204; El Reno Wholesale Gro. Co. v. Keen, 93 Okla. 198, 220 Pac. 653; Lane Implement Co. v. Lowder et al., 11 Okla. 61, 65 Pac. 926; St. Louis & S. F. R. Co. v. Zickafoose, 39 Okla. 302, 135 Pac. 406.

The evidence discloses that Perry was an invited guest in the automobile when the accident occurred; that he secured the services of a physician and was solicitous as to the child's welfare, but it cannot be said that these facts alone would make him liable in damages for the child's death.

In Grant-Sprague Lumber Co. v. First Nat. Bank, 100 Okla. 73, 227 Pac. 104, this court said:

"In the trial of a law action, if the evidence does not create a question of fact for submission to the jury, either directly or

by inference, which reasonable men might draw from the evidence, there is no question for submission to the jury."

We, therefore, can see no error in the court's action in directing a verdict for defendant Dennis.

Counsel for plaintiff also complain that the court erred in refusing to give an instruction asked by the plaintiff, and file a splendid brief covering that subject, but the record fails to disclose that the court was requested by counsel for plaintiff to give such instruction, and under subdivisions 5 and 6 of section 541, Comp. Stats. 1921, it was counsel's duty to tender such instruction, properly signed and numbered, with the request to the court that the same be given, and unless this was done no error can be predicated upon the court's failure to give such instruction. Chicago Live Stock Commission Co. v. Fix, 15 Okla. 37, 78 Pac. 316; Weller v. Western State Bank, 18 Okla. 478, 90 Pac. 877; Mills v. Hollingshed, 82 Okla. 250, 200 Pac. 200.

Defendants pleaded as one of their defenses contributory negligence on the part of the injured child and her parents in allowing her to run at large and play in the streets where traffic was heavy and danger great, and plaintiff complains of the court's instructions upon said defense, also complains of the court's instructions generally, but a careful examination of the record leads us to the conclusion that the instructions as a whole fairly and correctly stated the law under the issues and the evidence. It is not necessary for each separate instruction to embody every fact or element essential to sustain or defeat an action, nor is it necessary for each separate instruction to cover the entire case. If the different instructions, taken together and construed as a whole, fairly present the law in the case and there is no conflict between the different paragraphs thereof, this will be sufficient. Chickasaw Compress Co. v. Bow, 47 Okla. 576, 149 Pac. 1166; Chase v. Cable Co., 67 Okla. 322, 170 Pac. 1172.

From the distance defendants' automobile skidded after the driver saw the peril of the child, as shown by the evidence in the record, we are led very strongly to the belief that the driver of the automobile was violating the city ordinance in exceeding the speed limit, but that question, together with the other questions of fact, was submitted to the jury under, as we have said, taking them as a whole, correct instructions, and under the well-established law of this state, where there is evidence reasonably tending to support the verdict of the jury, this court will not disturb such verdict on appeal.

We are not at all in sympathy with the argument of counsel contending that it is the duty of pedestrians generally, and particularly children, to stay entirely off the street, giving the entire thoroughfare to the use of automobiles, and that when an automobile comes in sight or honks its horn, it is the duty of such pedestrian to hurry to a place of safety; neither are we in sympathy with the proposition that it is the duty of the parent to keep the child cooped up in the home, not allowing it to have the privilege of open air and a place to play in front of the home without being subjected to injury or death at the hands of reckless automobile drivers, but all these questions were submitted to the jury as provided in section 6 of art. 23 of the Constitution, reading:

"The defense of contributory negligence or of assumption of risk, shall, in all cases whatsoever, be a question of fact, and shall at all times, be left to the jury."

All these questions having been submitted to the jury and determined adversely to plaintiff's contention, we can see no legal reason for interfering therewith.

The judgment of the district court is therefore affirmed.

NICHOLSON, C. J., and MASON, HARRISON, LESTER, and RILEY, JJ., concur.

Note.—See under (1) 38 Cyc. p. 1534. (2) 38 Cyc. pp. 1702, 1769, 1770. (3) 38 Cyc. p. 1598. (4) 4 C. J. p. 853, § 2834.