## METROPOLITAN LIFE INS. CO. v. EOFF.

No. 19597.   Opinion Filed Sept. 30, 1930.

Rehearing Denied Dec. 16, 1930.

Embry, Johnson & Tolbert, for plaintiff in error.

Conner & Conner, for defendant in error.

CLARK, J.  This cause presents error from the district court of Oklahoma county, wherein plaintiff in error was defendant and defendant in error was plaintiff. For convenience the parties will be referred to as they appeared in the trial court.

Plaintiff brought this action in the district court against defendant to recover disability benefits in the sum of $580 upon an insurance policy and supplemental contract. Plaintiff alleged that defendant had issued a life insurance policy to him in the sum of $2,000 for an annual premium of $57.80, and a supplemental contract for an additional annual premium of $3.96. The supplemental contract provided that should the insured become totally and permanently disabled, as a result of bodily injury or disease occurring and originating after the issuance of said policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, and that such disability has already continued uninterruptedly for a period of at least three months, it will, during the continuance of such disability, (1) waive the payment of each premium falling due under said policy and this supplemental contract; and (2) pay to the insured, or the person designated by him for the purpose, or if such disability is due to, or is accompanied by, mental incapacity, to the beneficiary of record under said policy, a monthly income of $10 for each $1,000 of insurance, or of commuted value of installments, if any, under the policy.

The plaintiff further alleged that heretofore and on or about the month of November, 1924, and while the said contract of insurance was in full force and effect, plaintiff became permanently and totally disabled through an injury received by him. And that by reason of said injury and from the month of November, 1924, and continuously to this date, this plaintiff has been permanently and totally disabled and continues and will continue to be permanently and totally disabled through the remaining period of his life.

Plaintiff further alleged that under the terms of said supplemental contract he was entitled to $20 per month from date of injury, and prayed for judgment for the same. Defendant filed its answer, which consisted of a general denial and the further answer admitting the execution of contract of insurance and supplemental contract as pleaded by plaintiff, and further answer that plaintiff did not at any time present to defendant proof that he had become totally, permanently disabled as a result of bodily injury or disease.

Defendant further denied that plaintiff was permanently injured and alleged that defendant had not waived the payment of premiums maturing and becoming due on September 27, 1925, and plaintiff failing to pay said premiums, the said policy or contract lapsed and terminated; and neither

said policy nor said contract was in force and effect from and after October 22, 1925, nor during any alleged subsequent disability of plaintiff, nor at the commencement of this action.

The trial was had to a jury, and the verdict returned in the sum of $580, and judgment entered thereon by the court. A motion for new trial was filed and overruled, and defendant brought his cause here for review. Several assignments of error are presented to the court in defendant's brief.

The record in this case discloses that plaintiff took out this insurance with the defendant on the 27th day of September, 1924, and that the first annual premium was paid upon the contract of insurance and supplemental contract. That on or about the month of November, 1924, the plaintiff became permanently and totally disabled. It was the contention of the defendant in the trial court that plaintiff was not permanently and totally disabled, but that he had a short time after his injury returned to work and was engaged in a useful and profitable occupation.

Plaintiff answers this by stating that he did light work upon the advice of his physician as a part of the treatment in an attempt to get well, and that this treatment failed and that he was still permanently and totally disabled. This was a question of fact presented to the jury which was found in favor of plaintiff and against defendant.

It is further contended by defendant, plaintiff in error here, that proof of permanent disability was not furnished as provided by said policy. It has been held by this court that a denial by an insurance company of liability under a policy after loss and within the time prescribed by the policy for making proof of loss upon the ground that the contract had expired is a waiver of proof of loss. The denial by the insurance company in this cause of liability on grounds that the contract had expired of its own limitation is a waiver of proof of loss. The testimony in this case shows that the defendant was permanently and totally disabled. The contract of insurance provides that should he become permanently and totally disabled while said policy was in force, then the insurance company, plaintiff in error here, defendant below, had contracted to pay the defendant in error, plaintiff below, $20 per month. There is no proof in the record that plaintiff below will ever recover; in fact, the proof is all to the contrary.

Plaintiff in error cites the case of George DeBard Conley v. Pacific Mutual Life Ins. Co., Court of Civil Appeals, state of Tennessee, Middle Division, not yet officially reported, and relies upon the same as authority in this case. At page 8 of the opinion the Court of Appeals said:

"But it is an undisputed fact that upon the termination of the period above named, and before this suit was begun, the complainant had recovered from his 'disability,' and thereafter was (and, so far as the record shows, still is) able to perform the same kind of work and engage in the same occupation for 'compensation or profit' as before he became disabled."

This finding of fact distinguishes this case from the case at bar for the reason that the record will not justify such a finding of fact in the case at bar. We are of the opinion that the plaintiff in error, defendant below, had a fair trial; that his cause was submitted to a jury by instructions of the court upon the issues joined, and that no prejudicial error appears in the record.

The judgment of the trial court is in all things affirmed.

MASON, C. J., and HUNT, RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur.

LESTER, V. C. J., and ANDREWS, J., absent.