## BALDWIN & BAKER v. SAUNDERS-GIBSON CO., Inc.

No. 19880.  Opinion Filed April 28, 1931.

A. L. Beckett, for plaintiffs in error.

Steel & Boatman and N. E. Traywick, for defendant in error.

RILEY, J. Plaintiff below, defendant in error, owned a Piggly-Wiggly Store at Henryetta, consisting of a stock of goods, fixtures, and a lease upon a store building, which lease had two years yet to run. Mr. Baldwin desired to purchase the store, and in order to be able to do so entered into a partnership with Mr. Baker. The copartnership then made a contract with the plaintiff to purchase the store, the Piggly-Wiggly franchise, the fixtures, and the lease. A condition of the sale of the store was the assumption of the burden of the lease. Defendants purchased and entered into possession, but after doing so decided that the rent was too high and endeavored to have the rate lowered. Being unsuccessful, the defendants moved out and caused plaintiff the detriment of having to pay the rent for the balance of the term of the lease.

It was for this detriment that this action was commenced. A jury was waived and judgment was for plaintiff in the sum of $1,500 and interest upon the first and second causes of action, and for $125 and interest upon the third cause of action by confession and for costs. Defendants appeal, contending that:

"The court erred in entertaining this as a suit in equity, whereas it is clearly an action at law, thereby depriving the defendants of a trial by jury."

The defendants were not deprived of a jury trial. That right was expressly waived. Osage Oil & Refg. Co. v. McDowell, 93 Okla. 201, 220 Pac. 609; section 555, C. O. S. 1921.

Proposition 2 of the plaintiffs in error is that:

"Having been tried as a suit in equity, the judgment must be reversed because it is against the weight of the evidence."

We have examined the evidence, and find it ample to sustain the judgment.

The third proposition is that:

"The judgment and decree of the trial

court must be reversed in any event because the pretended lease under which the plaintiff claims damages was in legal effect not a lease for a full five-year term, but a lease from month to month with the option in the lessee of continuing the same for five years, and the damages recovered could have been avoided by surrendering the lease."

From our examination of the case-made, and particularly the statement of counsel, we fail to find that defendants below presented the theory stated in the third proposition, but relied upon a theory of nonassumption of the lease. Moreover, we find evidence of the fact that the parties construed the lease in question as being for a five-year term with two years yet to run at the time of the transaction out of which this controversy grew. This being a court of error as applied to such actions, we hold that a judgment such as this ought not be reversed upon an entirely new ground presented for the first time on appeal. Stone v. Wealand, 91 Okla. 31, 214 Pac. 410; Security Nat. Bk. v. Cain, 126 Okla. 202, 259 Pac. 572; Morrison et al. v. Atkinson et al., 10 Okla. 571, 85 Pac. 472; Carpenter v. Roach, 55 Okla. 103, 155 Pac. 237.

Judgment upon supersedeas bond.

Affirmed.

LESTER, C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. HEFNER, J., absent, not participating.

CLARK, V. C. J., dissents.