## PRUDENTIAL INSURANCE CO. OF AMERICA v. SINGLETARY.

No. 20841. Opinion Filed Sept. 22, 1931.

Rehearing Denied Oct. 13, 1931.

Mason, Williams & Lynch, for plaintiff in error.

C. B. Stuart, C. A. Coakley, E. J. Doerner, and B. A. Hamilton, for defendant in error.

CLARK, V. C. J. This action was commenced by Edward P. Singletary against the Prudential Insurance Company in the court of common pleas, Tulsa, Okla., to recover upon an insurance policy.

Plaintiff in error was defendant below, defendant in error was plaintiff below. Parties will be referred to as they appear in the trial court. Plaintiff alleged in his petition that during the month of May, 1923, the defendant issued to him an insurance policy in the sum of $5,000, which policy, among others, provided, in substance, "if plaintiff became totally and permanently disabled either physically or mentally from any cause whatsoever and unable to engage in any occupation or perform any work for compensation, that up to the full amount of the policy it would pay to the plaintiff in such event in monthly installments the sum of $48 per month, waiving in said event the payment of any additional premiums by the plaintiff."

Plaintiff further alleged that during the month of August, 1924, he became totally and permanently disabled, and that thereafter, on or about the 15th day of January, 1925, he notified the defendant of his condition and of the fact that he was totally and permanently disabled, and furnished the defendant due proof of his total and permanent disability. That, on the 22nd day of July, 1925, defendant commenced the payment of monthly payments provided in said policy and continued said monthly payments to the 22nd day of July, 1927. And that thereafter defendant refused to pay the monthly installments. Plaintiff further alleged that he had performed all conditions of said policy of insurance on his part to be performed, and that by reason of the allegations heretofore made, defendant is indebted to plaintiff, under said insurance contract, in the sum of $1,412.47. Defendant answered by way of general denial. Cause came on for trial before jury.

The jury rendered a verdict in favor of the plaintiff, and judgment was entered thereon in favor of the plaintiff by the court. A motion for new trial was filed, overruled, and the defendant brought the cause here for review. Defendant below, plaintiff in error herein, presents in its petition in error 34 assignments of error.

At page 2 of plaintiff in error's brief, it states:

"More specifically the issue involved is whether or not the plaintiff below was totally and permanently disabled within the meaning of the policy."

The question of whether or not the plaintiff was totally and permanently disabled within the meaning of the policy was a question of fact which was submitted to the jury and found against the defendant's contention. The first contention of plaintiff in error is: The record in this case does not support the judgment.

With this contention we cannot agree, this being a question of fact. The disability of plaintiff was submitted to the jury on conflicting testimony, and the jury found against the contention of the defendant and in favor of plaintiff, and there being a conflict in the testimony, this court will not weigh the evidence to determine the weight and value thereof. Where there is competent evidence supporting the finding and verdict of the jury, the same will not be disturbed by this court on review.

An examination of the record discloses competent evidence sufficient to support the verdict of the jury.

Defendant's next contention is: Plaintiff cannot recover disability benefits for the period of alleged disability prior to the time proofs were furnished.

Defendant cites, in support of this contention, Mid-Continent Life Insurance Co. v. Walker, 128 Okla. 75, 260 P. 1109.

The contract in the case at bar and in the Walker Case, supra, provides in part, after providing for notice, as follows:

"If the insured shall furnish the company with due proof that he has since such payment and before attaining the age of 60 years become wholly disabled. * * * Six months after receipt of such proof, the company will begin to pay to the insured a monthly income of 1% of the face amount of this policy."

The contract sued on in this case provides in part as follows:

"If the insured shall furnish due proof to the company, that while this policy was in full force and effect, he (or she) at any time after the payment of the first premium on this policy, and before attaining 60 years of age, from any cause whatsoever had become permanently disabled, * * * the company will, during such disability pay to the insured at the home office of the company, the amount insured, less any indebtedness, in 120 monthly installments during ten years, each installment of the amount of $9.75 per $1,000 of insurance payable;

the first installment to become payable immediately upon receipt of by the company of such proof of disability."

In the Walker Case, supra, payment was to become due six months after receipt of the proof of disability. In the case at bar, the company was to pay during such disability to the insured the amount specified.

Several cases are cited by the plaintiff in error, but each case must be construed according to the contract of insurance.

We are of the opinion that the insured, under the contract in this case, could recover during his disability, the first payment to be made immediately upon receipt by the company of such proof of disability.

Defendant's next contention is: The evidence of the case does not show plaintiff was totally and permanently disabled from July, 1927, to the time of trial.

There is a conflict in the testimony, and there is some testimony that part of the time the plaintiff was out of the hospital and was able to go to his room and to town, and that his wife would drive him around and he would sell some insurance. However, the evidence discloses that the plaintiff had a serious infection to his left limb; that he was in the University Hospital in Oklahoma City from October, 1924, until February, 1926, and underwent five operations while in that hospital; that he later went to Durant, Okla., and was operated on twice at Durant, and that his limb was in such a serious condition at the time of the trial, that the defendant contends it was error to exhibit the same to the jury.

Dr. Perry testified that, in his judgment, the plaintiff was permanently and totally disabled. Dr. Calhoun testified that, in his opinion, the plaintiff was permanently and totally disabled. Dr. Colwick testified, in his opinion, plaintiff's condition could be cured. However, the record discloses that Dr. Colwick had performed one operation on plaintiff and his brother had performed another operation on plaintiff after plaintiff had undergone five operations previous to those performed by the witness and his brother. We think this evidence is sufficient to support the verdict of the jury that the plaintiff was totally and permanently disabled from July, 1927, to the time of the trial.

The defendant next contends: It was error for the court to receive the testimony of Doctors Perry and Calhoun for the reason they were not shown to be competent to testify as to the plaintiff's condition. There

is no merit to this contention. Doctors Perry and Calhoun were qualified witnesses and had observed plaintiff's condition and were competent to testify.

It is next contended that: It was error for the court to permit plaintiff to remove all clothing in open court and exhibit his leg to the jury. Several cases are cited supporting this contention, none of which are in point.

This court, in the case of the Continental Casualty Co. v. Wynne, 36 Okla. 325, 129 P. 16, in the second paragraph of the syllabus, said:

"Ordinarily, where the question of a physical injury, its extent or permanency, is in issue, it is not error to permit the plaintiff to exhibit the injured part of the body to the jury."

The next contention is: Error of the court with respect to statements of the law applicable to the facts in this case, and refusal to give the instructions requested by the defendant.

The defendant's next contention is: The court's charge to the jury was inconsistent. The instructions complained of are not inconsistent, and the instructions as a whole stated the law of the case on the issues joined and were a fair and reasonable statement of law. The instructions must be considered as a whole, and if the same, considered as a whole, fairly and reasonably presented the law to the jury on the issues joined, the same will not be disturbed by this court on appeal.

It is not necessary for each separate instruction to impart every fact or element essential to sustain or defeat an action, nor is it necessary for each separate instruction to cover the entire case. If the different instructions taken together and considered as a whole fairly present the law of the case, and there is no conflict of the different paragraphs thereof, this will be sufficient.

Kenyon v. Perry, 113 Okla. 188, 240 P. 702; Sharum v. Sharum, 121 Okla. 53, 247 P. 97.

An examination of the record and plaintiff in error's brief discloses that the plaintiff in error had a fair trial on a question of fact which was decided against it by the jury, and the evidence is sufficient to support the verdict of the jury, and finding no prejudicial error, judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.