**MISSOURI STATE LIFE INS. CO. v. CARROLL.**

No. 24552.    Oct. 8, 1935.

Massingale, Duff & Manatt, for plaintiff in error.

Meacham, Meacham & Meacham, for defendant in error.

PER CURIAM. Verna Lee Church Carroll brought this action in the court below against the Missouri State Life Insurance Company for 19 payments of $10 each (or a total sum of $190), on account of total disability under the health provisions of a life insurance policy issued to her by the defendant. The disability provision sued upon is as follows:

"The company will also pay to the insured a disability income of $10 per month * * * and will waive the payment of further premiums if the insured becomes totally and permanently disabled."

The policy also further provided the usual and customary requirements for the furnishing of "due proof" of disability. Plaintiff's petition alleged as to disability that:

"On September 13, 1930, the plaintiff * * * became totally paralyzed from the waist down, and * * * has been so incapacitated and so totally disabled at all times since said time that she has not walked a step nor has she been able to engage in any gainful occupation whatsoever."

The defendant filed its demurrer to the petition of the plaintiff, and upon the same being overruled it elected to stand upon its demurrer and refused to plead further, and judgment was rendered against it as prayed, and it has appealed to this court. The record before us also reflects that since the rendition of the judgment in the court below, the plaintiff has died and the cause has been revived in the name of her personal representative in this court.

No contention is made that there was any defect in the petition as to the allegations of the issuance of the policy sued upon, nor as to the allegations of the payment of the premium, nor as to the allegations that the insured became totally disabled from a stroke of paralysis ten days before the expiration of the grace period for the payment of the premium which was at that time due. The complaint on appeal takes up with the allegations of the petition with respect to the waiver of the furnishing of "due proof" of

disability, and the allegations of the petition with respect to the authority of one Harry Dean as agent of the insurance company. We shall refer to the parties as they appeared in the court below.

At the time the plaintiff was stricken with paralysis, she was overdue in the payment of a premium from the 23rd day of August to the 13th day of September. However, this paralysis was within the grace period for the payment of this premium, which policy provision was as follows:

"A grace period of 31 days will be granted for payment of every premium after the first, during which this policy will continue in force."

After alleging information of said Harry Dean as agent of defendant company on September 15, 1930, for the purpose of making "due proof" thereof and claim against the company, it is alleged in plaintiff's petition that:

"Thereupon the said defendant insurance company through its said agent Harry Dean orally advised this plaintiff that the premium for said policy having become due on August 23, 1930, and having been unpaid on September 13, 1930, at the time of such total disability, the company was not liable to her for such disability; that the 31 days' grace period provided in said policy did not apply to the disability benefits therein provided and said defendant insurance company through its said agent advised the plaintiff that it would be useless for her to file any proof of disability for the reason that the company would refuse to pay the same by reason of the fact that the 31 days' grace period did not apply to the disability benefits in said policy."

As to the agency of authority of Harry Dean, it is alleged in the petition as follows:

"And said company in everything connected with said policy held out the said Harry Dean as the duly authorized agent of and for said defendant company with full power and authority to handle all matters pertaining to said policy."

This allegation of agency and authority was not only not denied under oath, but was not denied at all, as the defendant elected to stand upon its demurrer and never filed answer at all.

These allegations of the petition bring this case squarely within the rule of the case of Federal Life Insurance Co. v. Lewis, 76 Okla. 142, 183 P. 975, as to the denial of liability constituting legal waiver of further proof of disability. In that case the opinion reflects that the plaintiff informed the agent

of the company of his condition of disability, and that he was informed by the agent "that he did not come within the provision of said clause," and this court held that this statement by the agent "was a denial of liability." The court laid down the ru'e that denial of liability constituted legal waiver of proof of disability in the third syllabus paragraph of that opinion as follows:

"The provision of the insurance policy requiring proof of total disability to be furnished the company within a certain definite time is waived by the company .denying liability within such time upon other grounds than failure to furnish proof of total disability."

See, also Metropolitan Life Insurance Co. v. Eoff, 146 Okla. 193, 293 P. 1025.

The Federal Life Insurance Company Case quoted from above also discusses the matter of allegations of agency and authority, and the fact that these al'egations are taken as true unless denied under oath. However, the statute itself is so clear that it is not necessary to even quote from the opinion on that question. See section 220, 1931 Okla. Stats.

The plaintiff alleged that she became disabled on September 13, 1930; that she notified the defendant's agent on September 15, 1930, which was within the period of grace, but because of the acts of the agent she did not actually give notice to the home office of defendant until September 24, 1930 or one day after the expiration of the period of grace. Since the trial court found for the plaintiff upon the theory of waiver based upon the acts of the agent on September 15, 1930, that is the ear'iest date disability benefits can begin under our holding in Franklin Life Ins. Co. v. Fisher, 164 Okla. 193, 23 P. (2d) 151, which disapproves the rule announced in Prudential Ins. Co. v. Singletary, 151 Okla. 301, 3 P. (2d) 657. Disability benefits under this policy became due when notice was received or waived.

The judgment appealed from is affirmed.

The Supreme Court acknowledges the aid of District Judge E. A. Summers, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion, as modified, was adopted by the court.

McNEILL, C. J., and BAYLESS, PHELPS, WELCH, and GIBSON, JJ., concur.