## AMERICAN NATIONAL INSURANCE CO. v. STORY.

No. 26416.   Oct. 6, 1936.

Rehearing Denied Dec. 22, 1936.

L. A. Winans, for plaintiff in error.

Paul V. Sullivan and Sullivan & Marmaduke, for defendant in error.

PER CURIAM. The parties will be referred to as in the trial court. The plaintiff filed in the district court of Stephens county, Okla., upon the 19th day of April, 1933, a petition against the defendant, American Life Insurance Company, a corporation of the state of Texas, wherein he alleged in substance that he was a resident of Stephens county, Okla., and was of the age of 41 years; that upon the 20th day of September, 1926, the plaintiff took out with the defendant company a life insurance policy, being No. 194137, in the amount of $2,500 on the life of the plaintiff. This policy, among other things, contained the following provision:

"Benefits for Total Permanent Disability.

"The Company will grant the benefits for total permanent disability set forth on page one hereof only after one full year's premium shall have been paid and before default in payment of any subsequent premium hereon if the insured, prior to attaining the age of sixty years at nearest birth-day and while this policy is in full force, shall furnish due proof to the Company at its Home Office that said insured has become totally and permanently disabled by bodily injury or disease, so that said insured is, and presumably will be permanently, continuously and wholly prevented thereby for life from performing any work for compensation, gain or profit, or from following any gainful occupation, and that such disability has then existed continuously for not less than sixty days."

Plaintiff further alleges that all of the terms and conditions of the policy have been complied with in regard to notice, etc.

Plaintiff further alleges that upon the 29th day of January, 1932, he became permanently and totally disabled by reason of bodily injury and disease so that he is now and will be permanently and continuously unable to engage in any occupation for remuneration or profit. The defendant answered denying all the allegations of the petition, and for further answer denied that the defendant was totally disabled within the terms and meaning of the policy of insurance mentioned and set out in the petition; that thereafter the plaintiff filed a supplemental petition wherein he asked judgment for $450 for 18 months' disability at $25 a month.

The cause was tried to a jury upon the issue whether or not the plaintiff was totally disabled within the meaning of the insurance policy so that he was wholly prevented from performing any work for compensation, gain or profit, or from following any gainful occupation. The cause was submitted to the jury upon this issue and the jury returned a verdict for the plaintiff for the sum of $832.01, and thereafter a judgment was rendered upon the verdict for said sum; a motion for new trial filed and overruled and an appeal perfected to this court.

The plaintiff in error presents 12 assignments of error, but in briefing the cause the plaintiff in error has really discussed all of his assignments of error as one assignment of error. The main contention made by the plaintiff in error is that the evidence is insufficient to support the verdict and finding of the jury for the reason that the evidence discloses that the plaintiff was not prevented for life from performing any work for compensation, gain or profit, or from following any gainful occupation. The evidence upon this point as disclosed at the trial is as follows: That the plaintiff was in the years 1931 and 1932 employed as an oil driller, and that he had been so employed

since the year 1920, and that during all his adult life he had been engaged either as a tool dresser or a driller; that in the month of September, 1926, he purchased from the defendant company the life insurance policy in question, and that all of the premiums due upon said policy had been paid up and to the 29th day of January, 1932; that upon that date an accident occurred to his knee, and that thereafter he was 60 days in an emergency hospital; that an operation was performed and a portion of the bone removed from his knee; that since that time he has been able to walk only a short distance without sitting down and resting, and that he has never been able to perform his work as a driller since that time.

The evidence further discloses that after the injury he purchased a small restaurant and beer joint, and that he and his wife operated a restaurant and beer joint in the town of Duncan, Okla., and that they made a living out of the restaurant and beer joint, and that he sometimes waited upon the trade and drew glasses of beer for the customers.

Counsel for plaintiff in error predicates his grounds for reversal in the refusal of the trial court to give his requested instruction No. 2 and to the refusal of the trial court to give the jury a peremptory instruction in his favor and to the giving of instructions Nos. 5, 6, and 7 as follows:

"Court's Instructions.

"No. 5. You are instructed, gentlemen, in order for the plaintiff to recover in this case it is necessary that he prove by a preponderance of the evidence that he is now and has been since the date of his alleged injury, to wit: January 29th, 1932, permanently and totally disabled by bodily injury or disease and presumably will be permanently, continuously, and wholly prevented thereby for life from performing any work for compensation, gain or profit, or from following any gainful occupation, according to the terms of said policy. In this connection you are instructed that by the term 'permanently and totally disabled,' as used in the contract sued on herein, means that the person insured therein has, by reason of some accident or disease, been rendered unable to follow his usual occupation, or any gainful occupation as defined herein, in his usual way and that such injury is permanent.

"No 6. You are further instructed that total disability does not mean absolute physical inability on the part of the insured to transact any kind of business pertaining to any occupation. It exists though the insured may be able to perform a few occasional or trivial acts relating thereto, if he is not able to do any substantial portion of the work connected with his occupation.

"No. 7. You are instructed by the term 'gainful occupation' as used in this policy, is meant any occupation in which the insured was at the time employed, or any other substantially gainful occupation which the insured was by training and experience fitted to perform."

The requested instruction No. 2 under the facts in this case would have been equivalent to a peremptory instruction, and as we view the law the question as to whether or not the plaintiff was totally and permanently disabled by bodily injury or disease so that he presumably will be permanently, continuously and wholly prevented thereby for life from performing any work for compensation, gain or profit, or from following any gainful occupation, is a question of fact where the facts are in dispute, which must be submitted to the jury under proper instructions. See Prudential Insurance Co. of America v. Singletary, 151 Okla. 301, 3 P. (2d) 657.

Counsel for plaintiff in error complains of the court's instructions Nos. 5, 6, and 7, for the reason that however correct they may be as applied to accident insurance, the principles of law enunciated in these instructions have no application to a total disability clause, such as the one here considered in a life insurance policy. The courts generally do not recognize such a distinction, and the same rules are applicable to both kinds of insurance policies. See Metropolitan Life Insurance Co. v. Blue, 222 Ala. 665, 79 A. L. R. 852, and notes.

For the foregoing reasons the court did not err in refusing the proffered instruction No. 2, and the request for a peremptory instruction.

We have carefully examined the instructions Nos. 5, 6, and 7 given by the trial court, and find that they are in conformity with the views herein expressed.

We find no error in the record, and the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys E. C. Fitzgerald, N. C. Barry, and D. H. Wilson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Fitzgerald and approved by Mr. Barry and Mr. Wilson, this cause was assigned to a Justice of this court for examination and

report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, CORN, and GIBSON, JJ., concur.