METROPOLITAN LIFE INS. CO. v. MEADOWS.

No. 30085.   Dec. 2, 1941.

Rehearing Denied Jan. 20, 1942.

*120 P. 2d 987.*

Harry Cole Bates, of New York City, and Embry, Johnson, Crowe & Tolbert, all of Oklahoma City, for plaintiff in error.

B. H. Carey and Joe F. Birge, both of Oklahoma City, for defendant in error.

CORN, V. C. J.   This is an action upon a policy of group insurance to recover the benefits therein provided to be paid to any person who should, while insured under such policy, become totally and permanently disabled, by reason of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for wage or profit. The cause was tried to a jury and a verdict was returned and judgment rendered thereon for the plaintiff, and the defendant appealed. The parties are referred to herein as they appeared in the trial court.

The sole proposition upon which the appeal is presented is as follows:

"Where the disability provisions of a policy for the payment of benefits, 'upon receipt of proof that insured has become totally and permanently disabled, as a result of bodily harm or disease, so as to be prevented thereby from engaging in any occupation and performing any work for wage or profit,' recovery will be denied as a matter of law where the undisputed evidence shows insured has engaged for wage or profit during the period he is alleged to be so disabled."

The evidence shows that the plaintiff sustained an injury to his back, which is alleged to have been caused from a strain while lifting a pump in the course of his employment as an oil field worker, and which occurred while the policy was in force and effect. The evidence further shows that the plaintiff suffered pain and inconvenience and a partial disability as a result of the injury, which continued from the time of his

injury in October, 1938, to June, 1940, and at the time of the trial. But the undisputed evidence shows that the plaintiff worked irregularly from 10 to 15 days per month with a casing crew in the oil fields during a part of 1939 and 1940, and in addition thereto performed janitor work for the Masonic Lodge, earning $10 to $15 per month; and that on March 1, 1940, he resumed regular and substantial employment as an oil field worker, his usual occupation, and continued said employment up to the time of the trial of this case in the following June.

In view of these facts, and of the express terms of the contract sued upon, which provides benefits only in the event of total and permanent disability, as a result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for wage or profit, the plaintiff, as a matter of law, has failed to establish a right of recovery upon the contract.

In the case of New York Life Ins. Co. v. Razzook, 178 Okla. 57, 61 P. 2d 686, this court construed the term "total disability" under a similar provision of an insurance policy, laying down the rule in paragraph 2 of the syllabus as follows:

" 'Total disability,' under the provisions of an insurance policy, does not mean absolute physical disability on the part of the insured to transact any kind of business pertaining to his occupation. It exists although the insured may be able to perform a few occasional or trivial acts relating thereto, if he is not able to do any substantial portion of the work connected with his occupation."

Where the insured performs a few trivial and unsubstantial tasks, or attempts to work but is unable to work and is forced to quit, there may be a question as to whether the performance of such tasks or such attempts to work may be considered as work, and this may be a question for the jury. Continental Casualty Co. v. Wynne, 36 Okla. 325, 129 P. 16; Ozark Mut. Life Ass'n v. Winchester, 116 Okla. 116, 243 P. 735; Metropolitan Life Ins. Co. v.

Eoff, 146 Okla. 193, 293 P. 1025; American National Ins. Co. v. Story, 178 Okla. 519, 63 P. 2d 33.

But, where it is shown, as in the present case, that the insured, for three months immediately preceding the trial, had regularly and successfully performed all the substantial duties of his occupation as an oil field worker, as a matter of law he is not entitled to the benefits of said provision of the policy.

The judgment is reversed, with directions to the trial court to render judgment for the defendant.

WELCH, C. J., and BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. RILEY, OSBORN, and DAVISON, JJ., absent.